## WALLING *v.* WARREN.

CONTRACT — *not to sue* — *effect of.* An agreement not to sue within a time limited cannot be pleaded in bar of a suit brought in violation thereof.

PRACTICE — *in examining a witness,* When a question has been asked and answered it may be excluded if again asked.

INSTRUCTIONS — *to the jury* — *modification of.* The court is not required to give an instruction in the language of the prayer. If it is given in other words, it is enough.

CONTRACT — *whether it must be fully performed.* Upon an entire contract to build a house, the builder cannot recover until the work is completed.

In an action of assumpsit, the defendant sought to set off against plaintiff's demand, money alleged to be due under a contract for building a house for plaintiff, which contract contained no stipulation as to payment, nor as to time, but it appeared that the house was not in fact completed. *Held,*

1st. That the contract was entire.

2d. That the omission to specify a time for completing the house was supplied by presumption of law, that a reasonable time was intended.

3d. That the defendant not having completed the house, could not be allowed for work done and material furnished in building it.

*Of the charge as to such contract.* A charge to the jury that if defendant agreed to build the house for a fixed sum, and did not complete it, he was not entitled to a credit therefor, was not misleading, because:

1st. The burden was upon the defendant to excuse his failure to perform the contract.

2d.   And if the question whether a reasonable time for building the house
      had elapsed, was for the consideration of the jury upon the evidence, no
      other result could have been obtained under a proper instruction as to that
      matter.

3d.   It is not material that the instruction was predicated upon the supposition
      that the house was to be built for a fixed sum.

NEW TRIAL — *where there is conflicting testimony.*  Where the plaintiff and
      defendant contradict each other upon the stand, and neither of them is
      supported by other testimony, the verdict will not be disturbed.

*Upon the ground of newly-discovered evidence.*  An application for new trial
      upon the ground of newly-discovered evidence of admissions by the plain-
      tiff, touching the matters in controversy, should show that the defendant
      used diligence to obtain such testimony before trial, and if he submitted
      his defense upon insufficient and unsatisfactory proof, and it does not
      appear that he inquired into the relations between the plaintiff and
      the alleged witness, and whether any declarations had been made by the
      plaintiff to the witness ; and he has not excused his failure to make such
      inquiry by showing that there was such intimacy between the plaintiff
      and the witness, that he could not reasonably expect to get the truth from
      the latter, diligence is not shown.   This is with regard to the particular
      circumstances of this case.

The application should also show the witnesses' place of residence.

## Appeal from District Court, Gilpin County.

THE declaration contained the common counts for work
and labor done, for goods sold and delivered, for money
loaned, etc.   The defendant pleaded *non-assumpsit,* and a
set-off.   In the third plea referred to in the opinion, the
defendant averred, that, October 1, 1872, he entered into
a contract with plaintiff to furnish lumber for, and erect
a dwelling-house in Central City for plaintiff, and that the
amount to become due for said house should be applied in
payment of any and all sums then due, or to grow due, to
plaintiff, on account of any dealings between plaintiff and
defendant ; that he, the defendant, commenced work on said
house, and that he has used reasonable diligence in con-
structing the same, and that said contract between plaintiff
and defendant is still existing, and that when the contract
should be completed, plaintiff would be indebted to de-
fendant.                                                            :

To this plea plaintiff demurred, and the demurrer was

sustained. A trial before a jury resulted in a verdict for plaintiff for $1,024. At the trial the plaintiff testified that he worked for defendant 32 months, and that he was to receive for his services during a portion of the time $60 per month, and during another portion $40 per month. A question which arose upon the cross-examination of this witness is sufficiently stated in the opinion. The defendant gave evidence tending to prove that he had built a house on Spring street in Central City for plaintiff, but he admitted that the house was not completed at the time of the trial. The defendant also testified that he delivered lumber at several places in Central City for defendant, but the plaintiff denied that he requested such delivery. As to this point, the evidence is sufficiently stated in the opinion. The principal witnesses on both sides were the parties themselves. The court instructed the jury as follows:

" The burden of proof is on the plaintiff to show the services rendered, and when this fact is once established and the defendant sets up payment, the burden of proof is on him to show that payment has been made. When there are unsettled accounts between parties, no interest is allowed except on the amount due on the settlement of account.

" As to the High street property, if Walling agreed to build the house for plaintiff at a fixed sum, and the agreement was not performed and completed at the commencement of this suit, then Walling would not be entitled to any credit for the High street house."

Upon the motion for a new trial, the defendant read his own affidavit, setting forth that since the trial he had discovered new evidence that he did not know of and had no means of finding out until after the trial; that such evidence consisted of admissions made to one Robert B. Smock; that, some time during the year 1870, plaintiff stated to Smock that defendant was indebted to him in the sum of $350. Defendant further averred, that since such admission was made, he had paid to plaintiff more than that sum. Defendant also read the affidavit of Smock, in which the latter stated, that in the year 1870, plaintiff made such an admis-

sion to him. The motion for new trial was denied and defendant appealed.

Mr. H. M. TELLER and Mr. WILLARD TELLER, for appellant.

Mr. L. C. ROCKWELL, for appellee.

WELLS, J. The agreement set up in the third plea amounted to an undertaking by the plaintiff, that during the reasonable time allowed for the completion of the house, he would not bring his action for the moneys then due from the defendant, or for what might in the meantime accrue. It was of no greater effect certainly, than a covenant not to sue during the same time. But a covenant not to sue for a limited time was never held to bar an action brought in the meantime. The reason is, that if the defendant plead such covenant in bar and succeed upon his plea, the plaintiff will be precluded from bringing his second action after the time limited has expired. *Guard* v. *Whiteside*, 13 Ill. 7. To give the agreement set up its fullest effect, therefore, it could not be pleaded in bar. The demurrer was for this reason properly sustained. The plaintiff upon his examination went out of his way to assert that, of certain moneys received by the defendant to his use, no part had been repaid to him. The defendant was therefore entitled to cross-examine to the question of payment, but in the opening of his cross-examination, the plaintiff had stated that he had received money from the defendant at different times ; and the question afterward propounded, and for the exclusion of which error is assigned, called for no more than this. It was, therefore, entirely proper to exclude it. If the question propounded had been directed to whether particular sums had not been paid, or whether payments had not been made at particular times, or the like, it must have been allowed. But the court was under no requirement to permit counsel to renew a question already propounded and answered.

The instruction prayed by the defendant below upon the

question of interest was substantially given by the court, though in other language; in this, as has been repeatedly decided, there was no error.  There was evidence tending to show, that at sometime during, or prior to the summer of 1870, the defendant had entered into an agreement to erect for plaintiff, who was then in his employment, the dwelling-house alluded to in the second instruction given, upon the promise of plaintiff, that if, when it should be completed, the demand of the defendant therefor should amount to more than the indebtedness of the defendant to him, he would pay the difference.  The defendant himself was the only witness examined as to this, and the only inference that can fairly be drawn from his testimony is, that he was to build and complete the structure.  It was an entire contract.  So far as appears, nothing was said as to the time within which it was to be completed.  But this omission the law supplies by the presumption that a reasonable time was contemplated and no action would lie at the suit of defendant *upon the contract*, unless he had fully performed it, as well in point of time as in other particulars, or unless he had been prevented from performing it by the act or default of the plaintiff, or unless the time of performance having been subsequently enlarged by agreement of the parties, he had performed the contract as so modified.  Nothing of this sort was pretended.  Neither, if the contract were not fully performed, would *indebitatus assumpsit* lie upon the *quantum meruit* for what had been done, except under special circumstances, *e. g.*, such action would not lie if the defendant had willfully, and without excuse, abandoned his undertaking. *Dermott* v. *Jones*, 2 Wall. 1.  Neither, in the like case, could defendant have advantage of what he had expended by way of set-off, in an action brought by the plaintiff.  But while it sufficiently appeared that a time reasonably sufficient for the completion of such a structure had, long before the bringing of this action, elapsed, and that the house was still incomplete even down to the date of the trial, no circumstance excusing this delay was anywhere shown ; for any thing that appears, the defendant refused or

omitted to perform his undertaking, without any reason or excuse for his omission. The burden of accounting for his defalcation on this behalf was, of course, upon the defendant, and he having failed to explain it, it was not improper for the court to charge the jury, that the evidence was not sufficient to warrant them in allowing the set-off claimed. This was the effect of the instruction now under consideration. The question of reasonable time, reasonable diligence and the like, is, it is true, ordinarily for the jury under proper instructions, and perhaps it would have been proper to have submitted it in this case ; the final proposition asserted in the instruction given as to this point, being made dependent upon how the jury should find as to whether time, reasonably sufficient for the completion of the house, had or had not elapsed before plaintiff brought his action. If the court had so charged, it would have been necessary to further charge, that if the contract contemplated the erection of a house such as spoken of in testimony, of the reasonable value of $1,200 or thereabouts, and if the period of one year and over had elapsed between the date of the contract and the bringing of the plaintiff's action, the defendant had not proceeded with reasonable diligence. But, upon the evidence heard, the jury would not have been warranted in resolving either of these questions of fact in the negative, so that the defendant cannot be said to have been prejudiced by the omission of the court in this respect, even if the omission were erroneous, which is not admitted. Neither is it material that the instruction is predicated upon the supposition of a price agreed upon, for whether the price, which should be paid by plaintiff for the erection of the house, was fixed and agreed upon, or left to be supplied by the legal presumption that a reasonable price was intended, is not in any manner material to the residue of the proposition, which the instruction asserts ; and however the jury may have found upon the question of price the defendant cannot have been prejudiced. Evidence was given in the court below, touching certain material, amounting in all to the value of $600, or there-

abouts, which was said to have been delivered by the defendant to the use of the plaintiff, at certain localities in Nevada street and Eureka street. The defendant in error, in his examination, denied that he gave authority for such delivery, and the jury seem to have given him credit. It cannot be said that we are entitled to review their action in this. As we understand the testimony, no other witness was examined as to this matter. Other witnesses declare, in general terms, that the defendant delivered lumber for the plaintiff at these places ; but none of them speak to any express direction given by the defendant, authorizing such delivery. The jury seem to have regarded these witnesses as speaking to their understanding of the purpose for which the lumber was delivered, and not as declaring that of their own knowledge the delivery was by authority. It is true that a portion of this lumber was afterward removed by the plaintiff and appropriated, but neither this nor plaintiff's declaration to Walters, when informed that the lumber in question was being carried away, can be regarded as conclusive, that plaintiff had, in truth, authorized the lumber to be placed where it was found. The jury must be supposed to have given to these circumstances their due weight ; and considering the whole evidence, we cannot say that they have erred in rejecting these items of the defendant's demand. Rejecting these items, and those as to disbursements, for which no authority from the plaintiff is shown, *e. g.*, the sum of $98.50, said to have been paid to Long for his labor, and $55 paid to Root for the erection of a chimney at the house in Spring Gulch ; and those items, as to which the testimony of the defendant is contradicted by the plaintiff when examined in reply, *e. g.*, the items of $100, claimed by the defendant on account of going to seek the plaintiff's brother, and $100, money paid for his transportation and subsistence, all of which, certainly, the jury were warranted in rejecting, the verdict cannot be said to be excessive. The motion for a new trial was also based upon the recent discovery of additional evidence.

All other questions aside, the party who desires a new

trial, upon this ground, must show that by the exercise of reasonable diligence the new evidence might not have been obtained at the first trial. He is required to negative every circumstance from which negligence might be inferred. What is negligence, is, of course, to be determined by all the circumstances of the particular case. When the defeated party has upon the first trial produced evidence sufficient to make a strong case, to support the issue on his part, it would be difficult to charge him with negligence in omitting to search for additional testimony, the existence whereof was unknown to him. On the other hand if the testimony produced at the trial on his part is of frail and inconclusive character, he may, as we think, be charged with negligence if he omits to seek additional evidence on all these sources where there may be a reasonable expectation of securing it. If, having submitted the issue to a jury upon insufficient and unsatisfactory proofs, he is defeated, he ought, upon the discovery of additional evidence, to satisfy the court that he had, in advance of the trial, no reason to believe that such additional evidence existed.

In the present case the plaintiff is a laboring man, he had served the defendant many months continuously. If he had any intimate friend or confidant, it would be exceedingly probable that the state of plaintiff's account with the defendant would be mentioned between them. It is reasonable to suppose that this was the relation between the plaintiff and the witness Smock, by whom the newly-discovered admission is proposed to be established, and for aught that appears, the defendant, long before the trial, may have been advised of this intimacy and confidence, and if so advised, he ought, as we think, to have approached the witness to inquire whether the claim of plaintiff against defendant had been the subject of conversation between them ; and as to the plaintiff's statements in that regard, or if, as may have been the case, his relations to the witness did not permit such inquiry with the hope of a free and indifferent disclosure, which would probably excuse the omission, this

should have been made to appear. The affidavit appears to us defective in this respect. The averment that he used all diligence in trying to discover evidence, involves matter of law, and so of the averment that he had no means of knowing of the evidence until after the trial. The averment that he never was aware of any conversation between plaintiff and the witness to the new matter, is entirely consistent with a knowledge of such a state of facts as would lead any reasonable person interested in the matter to believe that conversation had occurred between them in regard to the matter in issue. It seems to us, also, that the affidavit ought to disclose the residence of the witness; at least, this should be made to appear by the affidavit of either the party or witness; for the prevailing party, resisting the motion, is entitled to impeach his credit. *Parker* v. *Hardy*, 20 Pick. 246. And he cannot do this unless advised as to where he may be found.

For these reasons the motion for a new trial was properly denied. No error appearing, the judgment of the district court must be

*Affirmed.*