Davis vs. Hubbard.

DAVIS vs. HUBBARD.

CONTRACTS. *(1–3) When one failing to complete his contract may recover quantum meruit.*
AMENDMENT: *(4) Of complaint before new trial.*

1. If one who has contracted to dig a well fails to perform the contract within the time agreed upon, or, where no specific time is named in the contract, fails to perform it within a reasonable time, the other party may treat the contract as rescinded, and will not become liable on a *quantum meruit* by refusing to permit its further performance. So *held* where the unfinished well was not used in fact, and appeared to be wholly useless.
2. If, within the time for performance (whether a specific or a reasonable time), the party who was bound to dig the well is refused permission to fulfill the contract on his part, he may recover *quantum meruit*.
3. In an action upon such a contract, where there is evidence from which the jury might find that plaintiff's offer to complete the well was made after the time for performance had expired, it is error to instruct them that if defendant refused such offer, plaintiff may recover what the work done was reasonably worth.
4. The complaint not containing any *quantum meruit* count, it is intimated, upon reversing the judgment, that the trial court may properly permit the addition of such a count before a second trial.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action to recover $100, being the contract price for digging and stoning a well. The contract alleged in the complaint is, that the plaintiff agreed with the defendant " to dig and stone a well on the defendant's farm in the town of Oakfield, down to the rock, and then commence and drill a hole in the rock until he should reach a sufficient amount of water to supply a common pump, and warrant the amount of water for one year from the time he completed the well." Performance of the contract by the plaintiff is averred in the complaint.

The answer contains a general denial, and states the contract between the parties as follows: " The plaintiff agreed to dig, stone and drill a well for the defendant on defendant's

premises in the town of Oakfield, and bank up the same properly, and to procure in said well a good and sufficient supply of water for the use of defendant's stock, so much so that the same could not be pumped dry, for which purpose the plaintiff well understood the defendant wanted the well. Said well was to be done and completed in three or four weeks; and said well and supply of water the plaintiff warranted for one year in case the grounds and springs were frozen when the well was completed; otherwise it was warranted by him for two years." The answer also alleges that the plaintiff failed to get the requisite supply of water, and that the well has been and is of no value to the defendant.

The testimony of the defendant tended to prove that the contract was made December 9, 1871; that plaintiff sunk the well, and in March following notified defendant that it was completed; that in a few days thereafter the spring rains commenced, and he had no use for the well until the following winter; that in December, 1872, defendant put in a pump, but failed to get a sufficient supply of water; that he immediately notified plaintiff of the fact; that in February, 1873, the plaintiff cleaned out the well and drilled it deeper; that on the same night rain fell in large quantities, and filled the well, so that a pump could not be used in it; and that the well has never since been cleaned out.

The testimony of the plaintiff tended to show that he fully performed his contract by digging and stoning the well and getting the requisite supply of water, before he left it the first time, in the winter or spring of 1872; that no time was specified for the performance thereof; that through defendant's neglect, earth and stones washed into the well before the pump was put in, which prevented obtaining a supply of water when the pump was tried; and that he subsequently cleared the well and drilled it deeper merely to satisfy the defendant, and not because he had previously failed to perform his contract. Plaintiff's testimony also tended to prove that

in the fall of 1873, on being notified that the well was filled, he offered defendant to clean out the mud and try the water again, and if sufficient water was not found to go on and get it or have nothing for the job; and that defendant refused to permit him to do so.

On the trial, the court permitted plaintiff to testify, against defendant's objection, that the drilling was worth $80 or $85, but denied a motion of the plaintiff for leave to amend his complaint by adding thereto a *quantum meruit* count.

The jury were instructed, among other things, that if plaintiff failed to get a supply of water in the well, in the quantity and for the time he agreed, he could recover nothing in the action. But at the request of the plaintiff the following instruction was also given: "If defendant refused to permit plaintiff to go on and complete the job, plaintiff can recover what the work he had done was reasonably worth."

The jury returned a verdict for the plaintiff for $85. A motion to set aside the verdict and for a new trial was denied, and judgment was entered for the plaintiff in accordance with the verdict; and defendant appealed from the judgment.

*Eli Hooker*, for the appellant, contended, among other things, 1. That the court erred in charging the jury that it did not appear "that there was any time fixed for the doing and completion of the job." 2. That even if the jury had found that no definite time was fixed for the completion of the well, still the evidence showed clearly that plaintiff's offer to complete it was not made until long after the lapse of a reasonable time for that purpose, and the court erred in charging the jury that plaintiff could recover what the work done was reasonably worth, if defendant had refused him permission to complete the job.

The cause was submitted for the respondent on the brief of *E. S. Bragg.*

LYON, J. From the amount of the verdict it is quite appa-

rent that the jury failed to find that the plaintiff had performed the contract on his part. Had the jury so found, the verdict would necessarily have been for $100 and interest thereon. The recovery must have been, therefore, on a *quantum meruit*, pursuant to the instruction in that behalf given by the learned circuit judge at the request of counsel for the plaintiff. Hence, if that instruction was erroneous, the verdict and judgment cannot be sustained.

If the plaintiff failed to perform his contract by the time agreed upon, if any time of performance was specified therein, or, such time not being specified, if he failed to perform it within a reasonable time, it was competent for the defendant to treat the contract as rescinded, and to refuse to allow the plaintiff to complete it, without making himself liable on a *quantum meruit* for the work already done. But if, within the time for performance (whether that was a specific or a reasonable time), the defendant refused to allow the plaintiff to fulfill the contract on his part, the latter may recover on a *quantum meruit*. 2 Parsons on Con. (6th ed.), 678, and cases cited in notes.

The judge overlooked the testimony of the defendant to the effect that the contract required the plaintiff to commence the work immediately, and have the well finished in two or three weeks after the making of the contract; and instructed the jury that there was no time fixed therefor, and hence, that the plaintiff was bound to complete the job in a reasonable time.

If no specific time for the completion of the well was fixed in the contract, the question as to what was a reasonable time for its completion is in the case. This is sometimes a question of law for the court; but when it depends upon disputed facts, it is for the jury, under proper instructions, to determine what is a reasonable time. In the present case, the determination of the question does depend upon controverted allegations of fact, and hence is for the jury. It is unnecessary to set forth

the testimony more fully than it is given in the statement of the case. It is sufficient to say that there is testimony tending to prove a state of facts, which, if proved, would in our opinion justify a finding that the defendant refused to allow the plaintiff to complete the well, and that such refusal was before a reasonable time for its completion had elapsed. It may be observed generally, however, that such testimony relates to the time of year in which the well could be used, and the delay of the defendant in performing his part of the agreement also, in putting in a pump and in notifying plaintiff that the well was deficient.

The instruction given on behalf of the plaintiff ignored entirely the question whether the plaintiff was in default when the defendant refused to permit him to complete the well (if he did so refuse), and in that respect it is erroneous. The jury should have been instructed that if they should find that the plaintiff had not performed the contract on his part, they must determine from the evidence whether a specific time was fixed in the contract for the completion of the well; that if none was so fixed, the plaintiff was bound to complete it within a reasonable time after the contract was made; that they must determine what was a reasonable time therefor in view of all the circumstances of the case as proved on the trial; and that if they should find that the defendant refused to permit the plaintiff to complete the well, and such refusal was before a reasonable time to do so had elapsed, the plaintiff is entitled to recover what the work done by him under the contract was reasonably worth.

We have considered the case as though the complaint contained a cause of action on a *quantum meruit*, which it does not. As there must be another trial, it is not necessary to consider the question of pleading discussed by counsel. The circuit court will doubtless permit all proper amendments to be made, and the plaintiff, if so advised, may add a count on a *quantum meruit* to his complaint.

It is not deemed necessary to consider other points discussed in the arguments of counsel.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.