School District vs. Hayne.

SCHOOL DISTRICT vs. HAYNE.

REVERSAL OF JUDGMENT: *(1) For misleading instruction.*
RESCISSION OF CONTRACT: *(2) By one of the parties.*

1. It is sufficient to reverse a judgment, that instructions given, if not absolutely incorrect, were incorrect when taken in the sense in which they must have been understood by the jury.

2. The rescission of a contract does not always require the *express agreement* of both parties; but where the contract is executory on both sides, upon *nonperformance* by one party, the other may declare it rescinded. So *held* in the case of a building contract, where the alleged nonperformance on plaintiff's part consisted in a failure to make payments as they fell due by its terms, during the progress of the building.

APPEAL from the Circuit Court for *Marathon* County.

Action on a bond given by defendant as principal, to secure performance on his part of a written contract between him and the plaintiff district. By said contract, defendant undertook to furnish all the materials and build a school house for plaintiff, according to certain plans and specifications; to have the walls and roof completed, and the building enclosed, by December 1, 1873; and to fully complete the building by August 1, 1874. The contract price was $18,460; and defendant was to be paid on the first of June, 1873, seventy-five per cent. of the value of work then done and materials then furnished, and a like percentage on the first of each month thereafter, for additional work and materials; and it was agreed that the remaining twenty-five per cent. should be forfeited in case of defendant's failure to complete the building according to the specifications by August 1, 1874. The complaint alleges that plaintiff has fulfilled the conditions of the contract on its part; that defendant has failed to comply with the contract on his part; that on the 1st of December, 1873, the walls of said building were not completed, nor the roof on, nor the building enclosed; that on the 1st of August, 1874, the building was

not completed; that defendant neglects and refuses to complete the same, and it will cost about $600 to complete it according to the contract; that plaintiff has paid defendant, or on his account, upon his order, divers sums, amounting in the aggregate to $20,292.41, being $1,832.41 in excess of the contract price; and that plaintiff was compelled to pay such excess in order to get the building so far completed that it could be used for its intended purpose. It is then alleged that plaintiff has been damaged by the noncompletion of the building, and by the over-payment which it has been compelled to make, in the sum of $10,000; for which judgment is demanded.

The nature of the defense, and the errors alleged by the appellant, will sufficiently appear from the opinion.

There was a special verdict, containing answers to fourteen interrogatories, but no general verdict. By their special verdict the jury found, that there was due defendant from the plaintiff on the contract, October 1, 1873, $699.94; that there was due him November 1, 1873, $524.19; that there was due him November 17, 1873, $127.33; that there was no abandonment of the contract by plaintiff and defendant in November, 1873, or at any subsequent time; that defendant was not prevented from proceeding in the erection of the building in November, 1873, by any act or refusal or neglect of the plaintiff to perform the conditions of the contract on its part; that in 1874, defendant labored on the building as contractor and under the contract, and not as superintendent for the plaintiff; that there was no acceptance by the plaintiff by taking possession from the defendant, of the school building, in the fall of 1874, "as a fulfillment and discharge of the contract," and that the building was not then completed according to the contract; that "plaintiff did fail to pay according to contract [meaning apparently in October and November, 1873], and defendant was thereby hindered and delayed in his work," to his damage, $519; that plaintiff sustained damages from defendant's

failure to complete the building according to contract, in the sum of $992; and that plaintiff had paid to defendant, or on his account and with his consent, to pay off indebtedness incurred by him for material and labor used in the erection of the building, $1,857.41 in excess of the contract price, the interest upon which to that date was $464.75.

A motion by defendant to set aside the verdict, and for a new trial, was denied; and judgment was rendered against him for $2,795.16, damages; from which defendant appealed.

For the appellant, there was a brief by *Silverthorn & Hurley*, and oral argument by *Mr. Hurley*.

*C. V. Bardeen*, for respondents.

ORTON, J. The defendant, in his answer, sets up substantially, that by reason of the failure of the plaintiff to make the monthly payments stipulated in the contract, and the nonperformance of the contract by the plaintiff in this respect, he was unable to continue the work; and that accordingly he rescinded the contract and abandoned work under it, and thereafter the work that was done was so done without and regardless of the contract.

The jury found, as a question of fact, that the plaintiff did so fail to pay and perform, and that the defendant was thereby hindered and delayed in his work, and suffered damages in the sum of $519, which was deducted, in the rendition of the judgment, from the damages allowed the plaintiff.

Whether the contract was in fact so rescinded, and the work abandoned, on account of such nonperformance by the plaintiff, as claimed by the defendant in his answer, were very material questions in the case, to be passed upon by the jury before they could properly answer the sixth interrogatory, as to whether the further prosecution of the work was within and under the contract or outside and irrespective of it. On this question of rescission and abandonment, the jury were instructed as follows: " You will ascertain from the evidence

in this case, whether the contract was rescinded or abandoned by the consent of *both* parties. That contract cannot be rescinded except by *mutual* consent of *both* parties. It cannot be rescinded by *one*. A refusal to go on by *one*, is simply a breach of the contract, for which he is liable in damages; but if *both* parties *agree* to lay the contract aside, to consider it ended, it is competent for *them* to do so; and unless such *action* is taken by *both* parties, the contract continues in force." The words here italicised show clearly the objectionable features of the instructions. This language is substantially repeated in other parts of the charge; and the fourth special finding of fact was, that there had not been an abandonment of the contract by the *plaintiff and defendant*. The natural meaning of the language of these instructions is, that to constitute a rescission or an abandonment of the contract, there must have been an *express* agreement of the parties, and an *express* consent of *both* parties at the time; and that one party *alone* could not take such action as would, in law, constitute a rescission of the contract, under any circumstances; and that the consent of a party to the rescission of a contract cannot be implied or inferred from facts and circumstances, but must be *expressed*.

The jury must have so understood the instructions, and made their fourth special finding accordingly.

These instructions were most clearly erroneous, and evidently misled the jury to the prejudice of the defendant.

It may be abstractly true, as a general rule, that, as a contract can be made only by the consent of all the contracting parties, it can be rescinded only by the consent of all; and yet such consent need not be *expressed* by an *agreement* to rescind in any case; and when a party for any sufficient cause rescinds or abandons the contract, the consent of the other party will be implied or presumed, as he might have well anticipated and expected such rescission and abandonment by reason of his own default. A party may rescind the contract

when the other party has done anything, or omitted to do something, which renders him unable to perform it; and when one party fails or refuses to perform his part of the contract, or disables himself from performing it, the other party may treat the contract as rescinded; and the purpose of rescinding need not be expressly declared by the one party, in order to give the other party the right of consenting and so rescinding. 2 Parsons on Con., 675, 678; 2 Chitty on Con., 1092, and references in note. The failure or refusal to make payments according to the terms of an executory contract, by one party, will give the other party a right to rescind the contract, or treat it as rescinded. *Cort v. The Ambergate, Nottingham, etc., R. W. Co.*, 6 Eng. Law and Eq., 230. If the act of one party be such as necessarily to prevent the other from performing on his part according to the terms of his agreement, the contract may be considered as rescinded; and when a party was prevented from performance within the stipulated time, by the omission of the other, and subsequently performed the work agreed upon, he need not bring his action upon the contract, but may resort to the *quantum meruit* to obtain his indemnity *(Dubois v. Delaware & Hudson Canal Co.*, 4 Wend., 285); and such prevention need not be physical or forced. 6 Eng. Law and Eq., *supra.* " If a party to a contract be delinquent in the advancement of funds, the other party may take advantage of the omission by declaring the contract at an end." *Shaw v. The Turn-pike*, 3 Penn., 445. A party may rescind the contract by reason of the nonperformance of its stipulations by the other party, as in the sale of personal property, where the property proves to be different from that contracted for *( Woodle et al. v. Whitney*, 23 Wis., 55); as in the sale of land, when the title is defective *(Taft v. Kessel*, 16 Wis., 273); or by reason of failure to perform by the vendee *(Minert v. Emerick*, 6 Wis., 355); or, when the obligations of the parties to an executory contract are mutual, either party may rescind for nonperform-

ance by the other, without the consent of the other party. *Bradley et al. v. Denton*, 3 Wis., 557.

In the light of these authorities, and all others upon the question of both the right and the fact of the rescission of contracts, the instructions, in application to the facts of this case, were not only wrong as given, but failed to give the law applicable to such a case.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.

RYAN, C. J., took no part.