## McGonigle et al. v. Klein.

1. CONTRACT—PERFORMANCE—CAUSE OF ACTION.
In order to entitle a plaintiff to recover for work done under a contract, he must show either performance, that the contract was rescinded, or that performance was rendered impossible by the wrongful acts or conduct of the defendant. On establishing either of the latter facts, a *quantum meruit* recovery may be had, but not otherwise.

2. SAME.
A contractor who has wrongfully abandoned the work before completion is not entitled to a recovery upon a *quantum meruit* for the work done.

*Error to the District Court of Pueblo County.*

CHAS. E. GAST entered into a contract with McGonigle by which the latter agreed to build for the former a residence according to plans of architects, as cheaply as it could be well constructed, he to receive as compensation ten per cent upon the cost of the building, Gast to pay the bills and contracts of McGonigle.

The contractor McGonigle and defendant in error as a subcontractor entered into a written contract, the material part of which, for the purposes of the decision, was as follows:

" That the said party of the first part, for and in consideration of the payments to be made to him by the said party of the second part, as hereinafter provided, does hereby covenant, contract and agree to perform all labor and furnish all material to construct the galvanized iron cornices, casting, ridge roll, terminals, finals, ventilators, skylight, downspurts, gutters, valleys, flashings, oriel window and slate roofing on residence at corner of 18th street and Greenwood avenue, Pueblo, Colorado, for Charles E. Gast, owner; all work to be done in a first-class manner, and to be agreeable to the plans, drawings and specifications made by Sprague & Newell, architects, in a good, substantial and workmanlike manner, to the satisfaction of and under the direction of the

superintendent. And said party of the first part also does agree to find, provide and furnish such material of such kinds, qualities and descriptions as shall be fit, proper and sufficient for completing and finishing all the work or works mentioned. All the work to be completed in twenty-six working days from the time the building is ready. Time to be extended only in case of a general strike.

" And said party of the second part, for and in consideration of said party of the first part strictly performing the covenants and agreements as above specified, by and at the time mentioned, and to the entire satisfaction of Sprague & Newell, superintendents, does hereby agree to pay to the said party of the first part the sum of eleven hundred and fifty-five ($1155.00) dollars, on certificates of superintendents, as the work progresses, to wit : the slate to be paid for when delivered upon the ground ; balance when contract is completed and accepted."

On the 11th or 12th of August Klein commenced work.

Work was not properly prosecuted with an adequate force of laborers ; other parts of the building were delayed. The time for the completion of the contract expired, also additional time passed, and the work was neither completed nor vigorously prosecuted. Two or three times he was notified and required to put on greater force and complete it, which he failed to do, giving as a reason that he could not get "slaters."

The testimony of W. B. Lepper, superintendent for the architects, was as follows : " I gave him verbal notice, in the presence of Thomas Mooring, that the building was ready for him to begin work, which he did in a day or two ; after beginning work, he was very dilatory about it, and had only one man besides himself for some days ; he did not proceed with his contract with any degree of promptness ; I told him every day that he must put on more men and push his work faster, but his excuse was that he could not find the men to put on ; the condition of the work was such that he could have proceeded more promptly and finished up his job ; that work was

ready and waiting for him all the time; his delays retarded the other parts of the work on the house, and the work that he did was not done in a good and workmanlike manner; it was far from being first-class; additional slaters were hired and put on the work, and this was necessary because Klein would not do anything of the kind, and his contract time of twenty-six working days had already expired, and the work was not half completed; he was notified by me several times that I would have to put on men to do the work if he did not proceed faster; when these additional slaters were put on the work, Klein then abandoned it entirely with his men and tools; he took part of the tools away the night before, and was on another job the next morning; he did not show up at the building that morning with his men."

McGonigle, the contractor, procured slaters and put them at work. In regard to subsequent transactions there was no important controversy as to the facts. Mr. Klein and Mr. Gast had an interview immediately after the slaters were put on, in which Gast informed him that he wanted the roof slating finished, wanted him to do it under his contract, that he could keep the new men or not, as he pleased, that he did not care what slaters he employed if he finished up the job. Klein complained of the employment of the men, and would not continue his work unless Gast paid the new men at his own expense, amounting to $65.00, which Gast declined to do. Klein abandoned the work and removed his tools. Six hundred fifty dollars had been paid on account of the contract, which would have left, had the contract been completed, $505.

Klein claimed on a *quantum meruit* for labor performed $1,075; brought suit for $425 against McGonigle and Gast, and filed a petition for a lien upon the building against Gast for the same sum.

Gast completed the Klein contract work at an expense of $192 in excess of the contract price with Klein. McGonigle and Gast filed answers setting up the facts, alleging nonfulfillment and abandonment of the contract by Klein, and Gast filed a cross complaint for the excess of $192. The

case was tried to the court without a jury.  The court held that the plaintiff could recover on a *quantum meruit*, gave judgment against McGonigle for $166, and decreed a lien against the property of Gast for the same amount.  Both parties appeal to this court.  .

Mr. Charles E. Gast and Mr. H. A. Dubbs, for plaintiffs in error.

Messrs. Betts & Vates, for defendant in error.

Reed, P. J., delivered the opinion of the court.

The court erred in holding that a recovery could be had upon a *quantum meruit* for a part of the contract work.  The contract was in writing, entire.  In order to entitle the plaintiff to recover at all, he must have shown either performance, or that the contract had been rescinded, or that the performance was rendered impossible by the wrongful acts and conduct of the defendants.  On establishing either of the two latter facts, a *quantum meruit* recovery could have been had, not otherwise.  Neither of these propositions were established by the evidence.  Klein having failed to prosecute his work and complete it according to the terms of the contract, and giving as a reason his inability to get skilled mechanics, made the employment of the extra men by the owner a necessity.  The act of employment was not rescission on the part of the owner, nor legal cause for rescission by the contractor.  The wages of the men employed or the excess over the prices paid by the contractor was trifling and could have been readily adjusted.

Klein's contention was that Gast should pay the entire wages without cost to him, while he should receive the benefit of their labor.  Upon the refusal of Gast he abandoned and withdrew.  The claim of Klein was trivial, technical and inequitable.  The key to the whole matter appears in the testimony of Klein.  He said, "I took the whole job at $1,155, and

very soon discovered that I had taken it too low," and it is evident from all the evidence in the case that he was seeking some legal excuse for abrogating the contract.

The entire testimony shows that Gast did not wish or consider the contract of Klein at an end, but insisted upon its performance, and that what was done in securing help was to assist in its completion when Klein had frequently stated his inability to secure men.

The authorities are conclusive and unanimous that under the circumstances of this case no recovery upon a *quantum meruit* or decree of a lien could have been had. 2 Pars. on Cont., secs. 678, 679; *Davis v. Hubbard*, 41 Wis. 408; *Bloomer v. Bernstein*, L. R. 9 C. P. 588; *Morgan v. Bain*, L. R. 10 C. P. 15; *Malbone v. Birney*, 11 Wis. 107; *Palm et al. v. O. & M. R. Co.*, 18 Ill. 217; *Sickels v. Pattison*, 14 Wend. 257; *Phelps v. Sheldon*, 13 Pick. 50; *Planche v. Colborn*, 8 Bing. 14; *Goodman v. Pocock*, 15 Q. B. 576; *United States v. Behan*, 110 U. S. 339.

That there could be no lien decreed, see *Kenny v. Sherman*, 28 Ill. 520; *Bank v. Dashell*, 25 Gratt. (Va.) 616; *Vail v. Meyer*, 71 Ind. 159; *Grogan v. Mayor of N. Y.*, 2 E. D. Smith, 693.

It is evident that the court misapprehended the law controlling the case, and the judgment and decree of a lien against the property must be reversed.

I am clearly of the opinion that Gast was, under the evidence, entitled to a judgment upon his cross complaint for the damages shown to have been sustained by the failure of Klein to perform his contract.

The judgment and decree reversed.

*Reversed.*