Wilson, J.
Defendant Cochran was a contractor, and had a contract for the construction of a house in the town of Harman. Plaintiff brought this suit against him to recover the value of certain services alleged to have been rendered and materials furnished by putting in a service pipe, and connecting the same with the water mains at the said house. Defendant answered with a general denial, and also set up by way of cross-complaint that the plaintiff had contracted with defendant for a gross consideration of §125 to do all of the plumbing provided for by the specifications in the building contract, which included the putting in of a bath tub, water-closet, *76 sink, boiler for kitchen, and the making of all connections with the cesspool and vaults, as required by the city ordinances, and also to put in the surface pipe, and make connections with the street main; that plaintiff had wholly failed and refused to perform his contract, except as to putting in the surface pipe, and connecting it with the main, and that in-consequence of said breach of contract, defendant had suffered damage in the sum of $52.00, for which amount he prayed judgment. Plaintiff replied, admitting that he had entered into a contract to do the plumbing work required by the specifications and for the consideration allegecL, but. denied that the closet was contained in the specifications. Plaintiff recovered judgment for the full amount claimed by him, $42.30, and from this defendant appeals.
It being admitted that there was an entire contract, and that plaintiff did not perform all of the services required by the contract, the sole question to be determined is, Can he recover upon quantum meruit, as he attempts to do, for a part only of the contract work ? The firmly established rule in reference to this was thus clearly set forth by this court in McGonigle v. Klein, 6 Colo. App. 309: “In order to entitle the plaintiff to recover at all, he must have shown either performance, or that the contract had been rescinded, or that the performance was rendered impossible by the wrongful acts and conduct of the defendants.” This is the doctrine laid down by a long list of authorities cited in that opinion, and also announced by the supreme court of Colorado. Cody v. Raynaud, 1 Colo. 272; Walling v. Warren, 2 Colo. 434. There is no evidence in this case that there was an entire performance of the contract, nor that the contract was rescinded. If therefore the plaintiff was entitled to recover at all in this action, it must be because performance was rendered impossible by the wrongful acts and conduct of defendant, or was prevented by the act or default of defendant. No evidence was presented which will sustain such a contention. The testimony of the plaintiff himself is wholly insufficient for this purpose. It seems that after *77 the surface pipe and. the connections had been put in, defendant stated to plaintiff that he wished him next to put in the closet. Plaintiff demurred to this, because, as he claimed, this was not part of his contract. Defendant seems to have insisted that it was, according to his understanding, and thereupon plaintiff stopped all work. The only excuse for nonperformance which the plaintiff himself gives is, as expressed in his own language, “ The reason I did not go on was he insisted on having a closet put in tuider that contract. * * * I got on so far with the work, and he insisted that I put the closet in, but I thought I had better stop until I seen further about the closet.”
There is no evidence whatever that shows that he ever offered to go on and complete the contract as he understood it, nor that defendant did or said anything to. prevent him from doing the further work which plaintiff admitted he was required to do under his contract. Under these circumstances, plaintiff clearly did not’ bring himself within the rule and was not entitled to recover upon a quantum meruit. ■
There have been two trials of this cause, in each of which plaintiff recovered judgment, and it is true that only a small amount is involved, but those facts would not justify us in affirming the judgment when it is so palpably erroneous, and when to do so would so plainly violate a settled principle of iaw. The judgment will be reversed, and the cause remanded for a new trial.

Reversed.