[No. 5396.]
[No. 3051 C. A.]

## LOMBARD v. THE OVERLAND DITCH AND RESERVOIR COMPANY.

1. **Appellate Practice—Abstracts—Sufficiency — Nonobservance of Rules—Waiver.**

   Where the only assignment of error argued on appeal is that under the evidence judgment should have been for appellant, and the evidence is not set out in narrative form in the abstract in accordance with the rules of the appellate court, the appeal may be dismissed; but, if appellee does not seasonably object, such violation may be overlooked.—P. 255.

2. **Water Rights—Constructing Ditches—Contracts—Substantial Compliance—Right to Recover for Services.**

   Where a party to a contract for the construction of a ditch under plans and specifications, sues to recover for services performed, and the pleadings warrant it, a recovery will be allowed, even though there has not been an exact compliance with the contract, if it has been substantially performed in good faith and the work accepted, and plaintiff can show the value of his services. —P. 255.

3. **Practice in Civil Actions—Contracts—Sufficiency of Performance.**

   Where a plaintiff bases his right to recover upon a full and complete performance of a written contract, he cannot recover

except upon proof of such performance on his part, but such action must be on quantum meruit and not on the special contract.—P. 256.

*Appeal from the District Court of Delta County.*
*Hon. Theron Stevens, Judge.*

Action by George J. Lombard against The Overland Ditch & Reservoir Company.    From a judgment for defendant, plaintiff appeals. ·    *Affirmed.*

Mr. Chas. L. Pike and Mr. W. H. Burnett, for appellant.

Messrs. King & Stewart, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

This is an action to recover a balance due under a written contract in accordance with whose plans and specifications plaintiff agreed to build for defendant part of an irrigating ditch. The complaint alleged that plaintiff had fully complied with all the terms and conditions of the contract which he was required to perform, and done all the work under it before action was brought.

Defendant by its answer admitted making the contract, but denied that plaintiff had performed the covenants therein to be performed by him, and alleged that the banks of the ditch were not sloped as required by the written agreement, that the ditch was not on an even grade as indicated by the grade stakes, and it had not been completed. There was a trial to the court without a jury, which resulted in findings in favor of the defendant, followed by a judgment dismissing the action.

Numerous errors are assigned by the plaintiff, only one of which is argued by his counsel, which is that under the evidence judgment should have gone

for plaintiff in the amount sued for. In the indefinite assignment of errors, and the failure of appellant to set out in the abstract the evidence in narrative form, the rules of this court have not been observed, and for that reason alone the appeal might be dismissed. But as appellee did not seasonably object to such non-compliance, and as it is more satisfactory to us to put the decision upon more substantial grounds, we proceed to a discussion of the assigned error which counsel have argued.

The plaintiff sued upon a special contract which is set out in full in the complaint. He alleged that he had fully complied with all its terms and conditions, and that all work under it was fully completed. The defendant affirmatively pleaded the particulars in which it claimed the contract had not been performed and that the work had not been finished.

In *McGonigle v. Klein*, 6 Colo. App. 306, it was held that where a contract is in writing and entire, in order that the plaintiff may recover upon it he must show either performance or that the contract has been rescinded, or its performance rendered impossible as the result of defendant's wrong. This case was referred to with approval in *Cochran v. Balfe*, 12 Colo. App. 75, where Wilson, J., says that the same rule is declared by this court in *Cody v. Reynaud*, 1 Colo. 272, and *Walling v. Warren*, 2 Colo. 434.

In *Rockwell Stock Co. v. Castroni*, 6 Colo. App. 521, at page 533, the court, by Bissell, J., said: "If the plaintiff declares on a special contract, and undertakes to prove it, he may not at the same time offer proof of the value of his services and recover according as the jury may conclude with reference to the matter."

By the rules of the common law, where a party to a written contract sued to recover compensation

for services which he performed under it, full and exact performance was required as a condition precedent to the right of recovery. The rule has been relaxed by many courts in building contracts, and the same principle should apply to contracts such as the one before us. Where the pleadings warrant it, the tendency of the courts is to permit a recovery even though there has not been an exact and literal compliance, if the contract has been substantially performed in good faith, and the work accepted by defendant, when plaintiff can show the value of his services.—9 Cyc. 686, *et seq.* An instructive case is *Spence v. Ham*, 163 N. Y. 220. It is upon the ground of substantial, in contrast with full, performance, that plaintiff, apparently for the first time on this review, seeks to maintain his action.

But the authorities seem to hold that for such substantial performance an action cannot be maintained on the special contract, but must be on a *quantum meruit,* and such was the holding in the *Rockwell case, supra.* See, also, 9 Cyc. 687, and cases cited. In *Robinson C. M. Co. v. Johnson,* 13 Colo 258, 264, the court said: "As a rule, where there is an express contract, parties cannot abandon it and resort to an implied one." And in *Owl Canon Gypsum Co. v. Ferguson,* 2 Colo. App. 219, the opinion at page 231 says: "When one seeks to recover for the performance of a contract, he must see that he has performed the contract which is the basis of his action."

Applying the foregoing principles to the facts of this case, it is clear that the plaintiff was not entitled to recover. He relied upon and proved a special contract, but signally failed to show full performance, as alleged. The grade of the ditch for over one-ninth of its length was not in accordance with its specifications, and the slope of the upper

bank was not what the defendant had stipulated for, and the testimony tended to show that the ditch had not been completed when the action was brought. We do not intend to decide that if the action had been based upon an implied contract and plaintiff had sued to recover the value of his services in building a ditch which defendant accepted and used, that a recovery might not be had. We restrict our decision solely to the proposition that since plaintiff based his right to recover upon a full and complete performance of a written contract, he must in this action recover, if at all, upon proof of a performance of the conditions thereof to be performed by him.

*Charles v. Hallack Lumber Co.*, 22 Colo. 283, is cited by plaintiff in support of the point that under a complaint declaring on a special contract a recovery may be had for the reasonable value of the services performed. No such doctrine is announced in that case. Indeed, Justice Goddard, who wrote the opinion, expressly left undetermined whether in that action if defendant had elected to stand upon his technical rights under the contract, he might not successfully have resisted payment of the balance of the contract price until a strict performance of all the conditions of the contract had been made by the plaintiff. It was not necessary in that case to pass upon the question, because the defendant elected to avail himself of the option given him by the contract to make good the omission and defects of the plaintiff and claim the cost of doing so as a set-off or counter-claim against the amount, if any, found due plaintiff upon the contract.

We do not deem it a harsh rule to restrict plaintiff in his evidence to the cause of action set up in his complaint, particularly where the defendant objects to the variance between the allegations and proof, as was the case here. It works no injustice

to plaintiff, under the facts of this case, to affirm the judgment dismissing the action, not only because there is lack of proof even of substantial performance, were that an issue here, but, in addition to that consideration, this decision is not intended to operate as a bar of his right of recovery in a possible subsequent action, if plaintiff thinks he can maintain it, based upon an implied contract for the value of his services.

The judgment is affirmed. ·     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur. ·