Sliter and another, Respondents, vs. Creek View Cheese Factory, Appellant.

*October 22—November 16, 1920.*

*Sales: Contract to install machinery: Delay in delivery and installation: Rescission by purchaser after notice: Acceptance of part of machinery.*

1. Where defendant bought a plant consisting of a separator and other equipment which was to be installed in its cheese factory as a unit, the fact that defendant hauled the separator to its factory and received and retained other machinery for a considerable time did not amount to an acceptance, as, under sub. 2, sec. 1684*t*—19, Stats., title did not pass until the stipulated installation was completed.
2. Installation of the plant having been unreasonably delayed through no fault of defendant, it was entitled to rescind by giving reasonable notice of its intention so to do in case installation was not made by a specified time.

Appeal from a judgment of the circuit court for Eau Claire county: James Wickham, Circuit Judge. *Reversed.*

Action to recover $525, the purchase price of one num-

ber 40 Sharples steam turbine whey separator, one 4,000-pound supply tank, one American jet and the necessary pipe and fittings therefor installed in defendant's cheese factory. The contract on behalf of plaintiff's assignor, the Sharples Separator Company, was negotiated by one of its traveling salesmen, D. E. Owen, who obtained from defendant the following order:

Sales.                                                      ·7/6/18.

                    The Sharples Separator Co.
                        West Chester, Pa.

Ship to Creek View Cheese Factory.
At Boyd, Wis. . R. No. 2.
How ship: Frt. Soo.   When: Now.

| Quantity. | Article. | Price. |
|---|---|---|
| 1 (one) | No. 40 whey sep. steam turbine . . . . . . . . . . . | $475 |
| 1 (one) | 4,000-lb. galvanized supply tank . . . . . . . . . . | 40 |
| 1 (one) | American jet—necessary pipe and | 5 |
|  | jettings . . . . . . . . . . . . . . . . . . . . . . | 5 |

                                                          $525

(Terms). To be paid with cream checks.

All orders are subject to the terms and conditions of the regular printed contract. All other agreements must be written on this order, which is subject to the approval of the Sharples Separator Company.

                    CREEK VIEW CHEESE FACTORY.
                                            (Agent.)
Nels Knudtson, Secy.   Wm. Hubbard, Pres.   D. E. Owen,
                        Traveler.

This includes complete installation.

The answer, among other defenses, alleged that plaintiffs were not the real parties in interest, but the Sharples Separator Company was, and that if they were they had failed to perform, inasmuch as they had failed to install or tender installation of the plant within a reasonable time.. Plaintiffs sought to show on the trial that the delay in installation was due to defendant's failure to have its plant in suitable condition for installation. The jury found (1) that defendant did not between September 27 and October 30, 1918, fail to

place its plant and equipment in suitable condition to enable the plaintiffs to install the machinery in question; (2) that plaintiffs, under existing circumstances, failed and neglected for an unreasonable length of time to install the machinery after September 27, 1918. They also found the reasonable cost of installation on October 30, 1918, and the difference in value of a payment in cream checks, as the order provided, and a cash payment, which findings are not material to any question raised by the appeal.

The court denied plaintiffs' motion to amend the verdict by changing the answer to the first question from "No" to "Yes" and the answer to the second question from "Yes" to "No," but granted their motion for judgment on the verdict as returned by the jury. From a judgment entered for the purchase price, less the cost of installation and the difference in value between a cash payment and payment in cream checks, defendant appealed.

The cause was submitted for the appellant on the brief of *E. M. Bradford* of Augusta and *Linderman & Ramsdell* of Eau Claire, and for the respondents on that of *Anson Green* of Stanley and *L. M. Sturdevant* of Eau Claire.

VINJE, J. The evidence is quite satisfactory that defendant had consented to the substitution of plaintiffs in place of the Sharples Separator Company as the owner of the contract and the parties who were to install the machinery. Its defense in that respect is therefore not well taken. On the other issues litigated the verdict is well sustained by the evidence. It appears that it was not till October 30, 1918, that plaintiffs offered to install. On the 17th of that month, after repeated failures by plaintiffs to install as promised, defendant wrote them that if they did not install by the 21st the order would be canceled. On the 23d of that month defendant purchased a separator from another party and refused to permit plaintiffs to install on the 30th when they finally had all the fittings neces-

sary for installation. It is undisputed that defendant caused
the separator to be hauled from Boyd to its factory some
time after August 28, 1918, and the tank and some piping
were hauled there sometime after September 8th. Since
the defendant received part of the machinery, the trial
court evidently reached the conclusion that such receipt con-
stituted an acceptance of the machinery and that title there-
to passed to the defendant and it became liable for the pur-
chase price. In so holding we think the court erred. The
defendant bought an installed plant to be operated as a unit
in its cheese factory. It required skilled labor to install it,
and such labor was included in the purchase price of $525.
In such case the purchaser of an installed plant does not
accept the contract as fulfilled even *pro tanto* by receiving
and retaining parts of machinery that are to go into the
completed plant. It is received by the purchaser and held
for installation by the seller, and the contract is not per-
formed till installation is complete, as stipulated in the
order, or until complete installation is waived. Nor does
such receipt of parts of a plant operate to transfer title
thereto in the vendee in the absence of express agreements
that it shall do so. Plaintiffs seek to invoke the rule that,
in the sale of specific goods in a deliverable state, property
in the goods passes to the vendee when the contract is made,
unless it is clear title is intended to be transferred at another
time. This case does not fall within that rule because de-
fendant did not buy specific goods in a deliverable state, but
a plant that was to be constructed out of certain specified
articles and also out of other articles, such as piping, that
was not specified so as to be capable of identification. Pipe
of any reputable make of the required size would answer
the terms of the contract. Defendant never waived or
accepted what it bought, namely, a completely installed plant
consisting of the specified articles and such others as com-
plete installation required. But even if the articles bought
are regarded as specific goods, something was required to

be done to them by the seller before the contract of sale was
performed.   They were to be installed.   In such case prop-
erty does not pass till the stipulated thing is done.   Sub. 2,
sec. 1684*t*—19, Stats.; *J. B. Bradford P. Co. v. Hacker,*
162 Wis. 335, 156 N. W. 140.

Since it is found that plaintiffs unreasonably delayed in-
stallation through no fault of defendant, it had a right to
rescind the contract as it did by giving reasonable notice of
its intention to rescind in case installation was not made by
the specified time.   *Davis v. Hubbard,* 41 Wis. 408; *School
Dist. v. Hayne,* 46 Wis. 511, 1 N. W. 170; *Jung B. Co. v.
Konrad,* 137 Wis. 107, 118 N. W. 548.

*By the Court.*—Judgment reversed, and cause remanded
with directions to dismiss the complaint upon the merits.