[No. 5501.]

## WHEELER v. BEERS.

**Real Estate Broker—Right to Commissions**—The general rule is that the broker whose compensation is to be a per cent. of the purchase price must, to entitle himself to the commission, make it appear that he was the efficient cause of the sale.—(549)

The broker, who having once introduced, as a possible purchaser, a party who is then rejected, is not entitled to a commission upon a sale to the same party, months afterward, and after he has abandoned all effort to induce the purchase.—(550)

*Appeal from Denver District Court*—Hon. JOHN I. MULLINS, Judge.

Mr. W. W. COVER, and Mr. H. M. ORAHOOD, for appellant.

Mr. W. T. ROGERS and Mr. JOHN F. MAIL, for appellee.

Action by appellee, as plaintiff, to recover from appellants, as defendants, commissions for sale of mining property. From a verdict and judgment in favor of plaintiff in the sum of $2,000.00, the defendants appeal.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellants and appellee entered into a written agreement whereby the former agreed to pay the latter for his services in effecting a sale of certain mining property a commission of twenty per cent. on the sum for which the property was sold, such commission to be paid *pro rata* on the payments as made as made by the purchaser. At the same time, he also secured an option to purchase this property from the appellants. It is only necessary to consider the one question of the sufficiency of the evidence to sustain the verdict. After procuring the agreement respecting commissions and the option to purchase, plaintiff offered to sell to a Mr. Fleschutz and a Mr. Swan. Evidently this offer was made under his option to purchase. Nothing came of these negotiations. The mines were not in a condition to be examined, and, for the purpose of showing their value, plaintiff procured letters from those familiar with the property, in order to show its value. He presented these letters to Mr. Fleschutz. Fleschutz did not intend to purchase the property himself, but expected to interest parties who would. Fleschutz and plaintiff called on the defendant, Hartman, who appears to have been acting for his co-owners. Plaintiff says: "I introduced Mr. Fleschutz to Mr. Hartman, and Mr. Fleschutz stated to Mr. Hartman he would look into the matter."

"Q. For what purpose did you introduce Fleschutz to Hartman? A. For the sale of the property.

"Q. Then what followed? A. Mr. Fleschutz said he would look at the property.

\*          \*          \*          \*          \*          \*          \*

"Q. Then what followed? A. Mr. Fleschutz had other business in Gilpin county, in connection with The Roderick Dhu Mining Company.

"Q. Well, did he go back with you to Mr. Hartman? A. Yes, sir.

"Q. You may state what took place then? A. He came back to Mr. Hartman, and at that time he came back Mr. Hartman informed him that Mr. Ladd (one of the defendants, and a co-owner), had private parties negotiating for the property, and that he could not give him (Fleschutz) a further answer concerning it until Mr. Ladd had concluded his negotiations about the mine."

This appears to have ended the efforts of plaintiff to sell to Fleschutz, as not long afterward they had a misunderstanding sufficiently serious to break off all communication between them. Thereafter plaintiff endeavored to organize a corporation for the purpose of taking over the property, but without success. Fleschutz had no interest whatever in this effort. About eighteen months after Fleschutz was introduced to Hartman by the plaintiff, the defendants entered into a contract to sell the property mentioned in the commission agreement to Fleschutz for the sum of $25,000.00, upon which, at the time of the trial, $10,000.00 had been paid. Plaintiff learned of this transaction through the daily press.

The conditions under which a broker employed to sell real estate becomes entitled to his commission have been variously stated, according to the variant facts to be considered. As applicable to this case, the general rule is, that when an agent is employed to negotiate a sale of real estate, and is to be paid a fixed per cent. of the purchase price, no price or terms for the real estate being specified, it must appear that he produced a purchaser ready, willing and able to purchase the property upon terms and at a

price designated by the owner; that he was the efficient agent or procuring cause of the sale; and that the means employed by him and his efforts resulted in the sale.—*Babcock v. Merritt,* 1 Col. App. 84; *Cole v. Thornburg,* 4 Col. App. 95; *Lawrence v. Weir,* 3 Col. App. 401.

Tested by this general rule, it is at once apparent that plaintiff was not entitled to any commission. Fleschutz had never made any offer to him for the property. No negotiations between the parties took place when Fleschutz was introduced to Hartman. On the contrary, the latter refused to give Fleschutz any price or terms because other parties were then negotiating for the property. Thereafter, plaintiff made no further effort to bring the parties together, or induce Fleschutz to purchase; but evidently abandoned all attempts to sell to him, because, within a short time thereafter, the relations between them were severed. Many months subsequent, the defendants entered into a contract to sell to Fleschutz, but this transaction was not brought about by any act on the part of plaintiff. No means employed by him, or efforts on his part, after Hartman had informed Fleschutz that he could not give him either price or terms, brought about the contract subsequently entered into between the defendants and Fleschutz. Plaintiff was not the efficient agent or procuring cause of this transaction. It was not the result of his efforts acting as a broker.

The judgment of the district court is reversed, and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.