[No. 6037.]

## GEIGER v. KISER.

1. **Trials — Pleading Evidence — Variance — A** variance between the pleadings and the evidence which, under the circumstances, cannot have misled or surprised the adversary party, or placed him at disadvantage, is not fatal.—(301)

2. **Contracts—Performance—Reasonable Time—In** deciding whether an undertaking has been performed within a reasonable time, the nature of the contract, the diligence used, and the reason of the delay complained of, should be considered. Plaintiff having undertaken to procure the employment of defendant by a lady client of plaintiff, to build for her a house, delay occasioned by the sickness and absence of the lady, and not by any laches of plaintiff, is not to be regarded as unreasonable. —(302)

3. **Appeals—Finding on Conflicting Evidence—A** finding of fact upon conflicting evidence, or evidence from which different conclusions might have been deduced, but supported by substantial testimony, cannot be set aside.—(303)

4. **Appeals—Harmless Error — The** improper exclusion of testimony is cured by its subsequent admission.—(303)

5. **Real Estate—Broker—Right to Commissions—One** who lists with a broker real estate to be exchanged for other satisfactory property is liable to the broker for his commissions, if the latter procures one who finally accomplishes an exchange with the client, though the client at first reject the proposed exchange.—(304, 305)

6.  **Evidence—Custom**—The ordinary and usual commissions charged by real estate brokers is competent to show that the commission demanded by the broker in the particular case is reasonable.—(305)

7.  'Evidence—Opinions— Competency — Plaintiff demanded a commission for effecting an exchange of property between defendant and one Lemon. Held, improper to inquire of Lemon whether plaintiff was "in any sense instrumental in bringing about the trade."—(305)

*Appeal from Denver District Court*—Hon. JOHN I. MULLINS, Judge.

Mr. BENJAMIN BASSEL, for appellant.

Messrs. ALLEN & WEBSTER, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as plaintiff, brought suit against appellant, upon two causes of action. In the first he averred that he was a real estate agent and broker, carrying on that business in the city of Denver, and as such, engaged in selling and exchanging real estate; that defendant employed him to negotiate a sale of specified property to a Mrs. Fink, with the express understanding that no commission should be paid for the sale, but that in the event the plaintiff would advise the grantee to construct a dwelling upon the premises sold, and a dwelling-house should be constructed thereon, and defendant, who was at that time engaged in contracting and building, should be awarded the contract for constructing such dwelling-house, that then the sum of $150.00 was to be paid by the defendant to him for the sale of the property, and for advising the grantee to construct a dwelling-house thereon. He then avers that through his agency he sold the property to Mrs. Fink, advised her to construct a dwelling-house thereon, which she did,

the contract therefor being awarded the defendant as a builder and contractor.

For a second cause of action he alleged that the defendant employed him in his capacity of real estate broker and agent to find a purchaser for specified lots in the city of Denver; that by the terms of the. agency, plaintiff was to find for the defendant a purchaser able, ready and willing to purchase or exchange real estate for such property at a valuation of about five thousand dollars; that thereafter he procured a purchaser for the property who offered to exchange certain lots in South Denver at a valuation of $1,400.00, and to take the premises subject to a mortgage of about $2,700.00 thereon, and pay the balance in cash; that he, the plaintiff, presented this purchaser to the defendant, and shortly thereafter the defendant sold and exchanged to such purchaser, one Eugene B. Lemon, the premises listed with him for exchange and sale, whereby he became entitled to a reasonable compensation and commission, which he avers is $187.50.

As a defense to the first cause of action, defendant averred that plaintiff was to receive but $50.00 as a commission in effecting a sale of the premises described in his complaint, and other properties, and that this transaction constituted but a single deal for which plaintiff was paid in full. As a further defense to the first cause of action, he averred that shortly after the sale of the premises mentioned by plaintiff, an arrangement was made, whereby the defendant was to pay him the sum of $50.00 upon condition that he would at once, and without delay, advise Mrs. Fink to award him a contract for the construction of a dwelling-house on the lots mentioned in plaintiff's complaint, and that such contract be, and without delay, awarded to him. He then avers that he was subsequently awarded a contract by Mrs.

Fink, to construct a house on these lots, but avers that plaintiff did not at once and without delay advise Mrs. Fink to award him a contract therefor, and for that reason plaintiff failed to perform his part of the agreement.

The answer to the second cause of action is, in effect, a general denial. Plaintiff replied to the answer, denying the affirmative allegations therein. On the issues thus made there was a trial to the court without the intervention of a jury, with the result that judgment was rendered for plaintiff in the sum of $337.50. The defendant appeals.

The first assignment of error is based upon the ground that there was a variance between the allegations and proof, with respect to the first cause of action. It was alleged in the complaint that plaintiff was to advise the grantee to construct a dwelling on the lots she purchased as a condition to receiving a commission, and it is contended that there was a variance between this allegation and the proof because plaintiff testified "No, there wasn't anything said as to my advising the building." It appears from the testimony that the property was sold for a less sum than it had been listed for with plaintiff, and for this reason the defendant objected to paying any commission. Plaintiff testified that defendant said to him: " 'If you will get me a contract to build the house, I will pay you the commission.' I says: 'How much commission?' 'Well,' he says, 'I will give you a hundred and fifty dollars if I get the contract to build the house'; and he says, 'If I don't get the contract to build the house, of course, you get nothing.' I told him I would take it on those terms." It was following this testimony that plaintiff testified nothing was said as to his advising Mrs. Fink to build.

If there was a variance the defendant cannot complain. The evidence which it is claimed varies from the allegations of the complaint did not refer to a different contract from that declared upon. The most that can be claimed is, that it varied the terms of such contract, but it related to the same transaction. This difference could not, in such circumstances, have misled or surprised the defendant, or placed him at any disadvantage. Our Code, § 78, provides that no judgment shall be reversed or affected for any error or defect in the pleadings which does not affect the substantial rights of the parties. It has frequently been determined that a variance in the evidence from the pleadings which does not injuriously affect the substantial rights of the adverse party is not reversible error.—*Salazar v. Taylor,* 18 Colo. 538; *Coe v. Waters,* 7 Col. App. 203.

It appears from the testimony that Mrs. Fink did not conclude to build, nor was a contract therefor awarded to the defendant, until about ten months after she purchased, and although it appears from the evidence that plaintiff did advise her to build, and there is testimony to the effect that through his efforts she was induced to build and employ the defendant to erect the building, it is claimed that because of the lapse of time the defendant was not bound by his arrangement with the plaintiff because he had not performed his part of the agreement within a reasonable time.

The question as to what is a reasonable time for the performance of a contract which fixes no time for its performance depends upon its nature and the particular circumstances. In deciding whether an undertaking has been performed within a reasonable time, the diligence used, the nature of the contract, and the reason it was not performed at an earlier date, should be considered.—9 Cyc. 613.

It appears that Mrs. Fink contemplated building shortly after she consummated the purchase of the lots, but having been taken ill, was obliged to go East, and did not return for some months. Very shortly after her return, she had a conversation with the plaintiff, who advised her to build; that she concluded to do so, and made and entered into an arrangement with the defendant to construct a building upon the lots. In these circumstances we think it appears that plaintiff was diligent in performing his part of the contract; that the delay of Mrs. Fink in making up her mind to build and award the contract to the defendant was not caused by any lack of effort on the part of the plaintiff, and that the defense of a failure on his part to perform his agreement within a reasonable time was not established.

The next point made is, that the court erred in finding in favor of plaintiff on the first cause of action, because the evidence is insufficient to support such finding. In support of this contention counsel urge that in order to entitle plaintiff to a recovery it was necessary for the evidence to establish that the contract as declared upon was entered into, and that plaintiff complied with its terms. Regarding the contract, there can be no doubt, except as to the amount which the defendant agreed to pay, and the time within which plaintiff was to perform; for defendant, in his answer and testimony, admits that a. contract was entered into between himself and the plaintiff, but alleges he was only to pay $50.00 instead of $150.00, provided plaintiff would at once advise Mrs. Fink to build, and he secured the contract for the structure without delay. The real issue between the parties was with respect to the terms and conditions of the contract. Each testified on this subject. According to the evidence, Mrs. Fink did build, and the defendant was awarded the contract.

Plaintiff testified that he advised Mrs. Fink to build. She appears to have followed his advice. Whatever conflict there was in the testimony on the contro-verted questions of fact was resolved by the trial court in favor of the plaintiff.

Our attention is also called to circumstances which, it is urged, make it appear that the testimony of plaintiff is improbable. It is the peculiar province of the trial court to determine the issues of fact be-tween the parties litigant on conflicting evidence, or on evidence from which different conclusions might properly be deduced. In such circumstances it is not error to find in favor of one instead of the other. If there is substantial evidence to support the finding made, or from which conclusions can fairly be de-duced to support such finding, it will not be disturbed on review. The reason for this rule is so well under-stood that it will not be necessary to discuss or cite authorities supporting it. A finding of fact based on conflicting evidence or upon testimony from which different conclusions might have been deduced can-not be set aside merely because the trial court might have found differently, provided there is substantial testimony to support that made.

On the cross-examination of plaintiff, it was sought to show that he had been paid his commission for the sale of the lots to Mrs. Fink in connection with another transaction, and he was asked if he had not received his commission for making that trade. This question was objected to and the objection sus-tained. Subsequently it appears to have been an-swered. If an objection to a question is improperly sustained, the error is cured by permitting it to be answered later.

As to the second cause of action, it is contended that under the law and evidence, plaintiff was not entitled to recover. According to the evidence on

the part of the plaintiff the defendant listed with him the lots mentioned in the second cause of action for sale at the price of about five thousand dollars; that there was a mortgage on the property for about $2,750.00; that the defendant stated to plaintiff that he might consider good lots in trade, but preferred cash. Plaintiff advertised the property for sale, and induced a Mrs. Sheppard and her father, Mr. Lemon, to make an offer. In part payment they offered lots in South Denver. Plaintiff notified the defendant of this offer, who said he did not want to trade for lots in that locality. Shortly after, however, he did make a sale of the property to these parties, taking in part payment the identical lots in South Denver. The conditions under which a broker employed to sell or trade real estate becomes entitled to his commission have been variously stated, according to the variant facts to be considered. As applied to the case at bar, the rule is that the broker whose compensation is to be a per cent. of the purchase price, in order to entitle himself to a commission, must make it appear that he was the efficient cause of the sale or trade.—*Wheeler v. Beers*, 45 Colo. 547; *Cole v. Thornburg*, 4 Col. App. 95; *Lawrence v. Wier*, 3 Col. App. 401.

The defendant listed the property with plaintiff for sale. It appears that plaintiff interested the party or parties in the property who subsequently purchased it; that he notified the defendant of their offer; that although at first defendant refused to consider the lots offered in trade, he did, within a short time, accept them, and concluded a sale of the property to the parties whom the plaintiff, through his efforts as an agent, had secured as prospective purchasers. He was, therefore, the efficient agent in bringing about negotiations between the owner and prospective purchaser which culminated in a sale.

The terms and conditions of the transaction may have been somewhat different from those named by the defendant when he listed the property with the plaintiff, but they were substantially the same as those originally stated to the plaintiff. In such circumstances he was entitled to his compensation, even though the exchange was concluded on terms variant from those named by defendant when he listed the property with plaintiff for sale.—*Knowles v. Harvey,* 10 Col. App. 9; *Howe v. Werner,* 7 Col. App. 530.

Over the objection of the defendant the court admitted evidence on behalf of the plaintiff for the purpose of showing the usual and customary commission charged by brokers in the city of Denver for the sale of real estate effected by them. The reason assigned in support of this objection is that because plaintiff had declared in his complaint that he was entitled to a reasonable compensation and commission for effecting a sale of the property, that this testimony was not competent to establish what such compensation should be. In an action for reasonable compensation by a broker employed to sell real estate who effects a sale, the ordinary and usual commissions charged by others engaged in a like vocation is competent for the purpose of ascertaining what such compensation should be.—*Fleming v. Wells,* 45 Colo. 255.

Lemon, who purchased the property, was a witness on behalf of the defendant. He was asked whether or not plaintiff was in any sense instrumental in bringing about the trade between the defendant and himself. The question was objected to and the objection sustained. There was no error in this ruling. The question of whether or not plaintiff was the efficient agent or procuring cause of the sale, or the means employed by him and his efforts resulted in the sale, was one to be deduced from the facts

(20)

relating to the transaction, and not from the opinion or conclusion of a witness.—*The Majestic Mfg. Co. v. Pueblo Hardware Co.*, 6 Col. App. 491; *Moffatt v. Corning*, 14 Colo. 104.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.