[No. 6036.]

## CHAFFEE v. WIDMAN ET AL.

1. **Appeal—Where No Appeal Lies,** may be dismissed if the appellee fails to enter his appearance, and the party' thus lose his right of review.—(35)

2. **Real Estate Broker — Commissions —** A broker employed to sell land must produce a purchaser ready, willing, and financially able to purchase the property, at the price and upon the terms fixed by the contract of employment.—(40)

He must be the efficient and procuring cause of the sale. —(40)

Negotiations set on foot by him, but abandoned without fault of the land owner, do not entitle the broker to commissions, though the land owner, renewing the treaty, subsequently sells to the same person, without renewed effort of the broker.— (40, 41)

3.   Trial—Pleading and Evidence — Variance — Plaintiff declaring upon a particular contract, cannot recover upon evidence of a different contract.—(41)

*Error to Rio Grande District Court* — Hon. CHARLES C. HOLBROOK, Judge.

Mr. CHARLES M. CORLETT, and Mr. GEORGE CORLETT, for appellant.

Mr. JAMES P. VEERKAMP, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Chaffee, as plaintiff, brought suit against Widman & Widman, as defendants, to recover the amount of commissions which he and one Ambler claimed to have earned in effecting a sale of land belonging to the Widmans. The trial resulted in a verdict and judgment in favor of defendants, from which plaintiff appealed to this court. We have no jurisdiction to entertain the appeal—sec. 388, Civil Code; as amended, Session Laws 1907, 278—but as the defendants have entered an appearance, we have directed, by virtue of sec. 388a of the Code, that the cause be entered as pending on error, and shall consider it accordingly. The code provisions to which we have referred provide when the defeated party may appeal to this court, and they should be observed. If a case is appealed which is not appealable, and the appellee does not enter an appearance, the appeal may be dismissed, and thus the party seeking to have a case reviewed in this court may lose his right to a review.—*Brady v. People,* 45 Colo. 364. We men-

tion this for the reason that recently so many cases have been brought here on appeal which are not appealable, and can only be reviewed on error.

Numerous errors are assigned by counsel for plaintiff, but as the undisputed testimony establishes a state of facts from which it is apparent plaintiff was not entitled to recover a commission from the Widmans, it is only necessary to discuss that phase of the case.

Plaintiff lived in the state of Nebraska. He entered into an arrangement with a firm engaged in the real estate business in the San Luis valley, under the name of The Southern Colorado Land Company, by which he was to be allowed a share of the commissions earned by the land company in effecting sales to parties whom he secured to purchase lands this firm had listed. Ambler, above named, was a member of this firm. In the spring of 1903 plaintiff brought Halsey L. Hawkins and Donald A. Gove to the valley for the purpose of selling them land. Accompanied by a member of The Southern Colorado Land Company these prospective purchasers and plaintiff visited the Widman ranch. Prior to this Thomas G. Hawkins, who also lived in Nebraska and was the father of Halsey L., had visited the ranch in question, and obtained from the owners the price at which they would sell. Through plaintiff and his associates, constituting The Southern Colorado Land Company, such negotiations were had that the Widmans agreed to sell for $20.00 per acre, or $16,000.00 for the ranch. Thereupon a written agreement was entered into between the Widmans and Thomas G. and Halsey L. Hawkins (the latter representing his father), by the terms of which the Widmans agreed to sell to the Hawkinses for the sum of $16,000.00, $500.00 being paid in cash, one-half of the remainder to be paid on or before March 1, 1904, at which time

a note of the purchasers for the remainder of the purchase price secured by mortgage on the premises was to be executed, and the transaction closed.     (Perhaps it is not entirely clear from the record whether the elder Hawkins was in Colorado at this time, but that is of no material moment.)

On the same day this contract was made the Widmans entered into a written agreement with plaintiff and his associates, the members of the firm of The Southern Colorado Land Company, regarding commissions.     In this agreement the Widmans were designated parties of the first part and Chaffee and his associates parties of the second part.     In stating the terms of this agreement, we shall, for convenience, refer to them accordingly.

By this agreement the Widmans employed the parties of the second part to procure a purchaser for the ranch in question for the sum of $16,000.00.     It then provides, so far as material to any question involved in this case, that "if the parties of the second part procure a purchaser for the ranch who shall, on or before March 1, 1904, pay or secure to the parties of the first part the sum of $16,000.00," then the Widmans should pay the parties of the second part, as commissions, certain sums, and execute certain notes to the respective parties of the second part, aggregating $3,200.00.     The contract further provides that should the parties of the second part fail to procure a purchaser for the lands for the sum and within the time specified, then no commission is to be paid.     Such, unquestionably, is the purport and meaning of the contract, although not so stated in express words.     It was on this contract that plaintiff based his cause of action declared upon in his complaint in which he gave it the construction as to time within which he was to secure a purchaser, we have given it.     He then alleges in his complaint that in

pursuance of his employment as evidenced by the contract, he and his associates procured Thomas G. Hawkins and Donald A. Gove on or before March 1, 1904, to open negotiations with the Widmans to purchase their ranch, with the result that on the 18th of that month a deal for the premises was consummated in accordance with the terms and conditions of the contract upon which he bases his right to a recovery. He alleges that Ambler has assigned to him his share of the commission under this contract.

It is evident the parties entered into this agreement in expectation that the contract which the Hawkinses entered into with the Widmans would be carried out and the commissions provided were based upon this contingency, and while it may be true that plaintiff and his associates would have been entitled to recover the compensation provided for in the event they procured some other purchaser for the lands within the time limited and upon the terms specified (this is evidently the theory upon which the complaint was framed), it becomes important to consider what follows, as it demonstrates beyond question that plaintiff failed to make the case declared upon in his complaint.

In January, 1904, he returned to Colorado evidently satisfied that it was doubtful if the Hawkinses would be able to purchase the ranch. He had a conversation with one of the Widmans (a brother of the defendants) in which he asked him to assist in pushing the deal through before the contract expired, and requested that it might be extended beyond March 1st, in order to give him an opportunity to interest some one else in the purchase of the ranch. It does not appear that the request to extend the contract was granted, or that the defendants were requested to extend it. In the meanwhile, before it had expired, the Widmans urged plaintiff and one of his associates

to complete the sale. They were not successful, and the result was, that the Hawkinses surrendered their contract. It does not appear that the Widmans or anyone else was responsible for this result, except that it was caused by the inability or refusal of the Hawkinses to consummate the purchase under their contract. Shortly after the time when this contract expired, one William A. Gove, who also lived in Nebraska, came to Colorado to look after a ranch he had purchased in the valley. While in Monte Vista he met another real estate firm, known as Graves, Ahrens & Blakey. Blakey had been one of the members of the firm known as The Southern Colorado Land Company, but it had been dissolved. Graves & Company endeavored to interest Gove in the Widman ranch, and to this end called in one of the Widmans, who offered to sell the ranch for $15,500.00 on terms with respect to deferred payments much more favorable than those embraced in the contract with the Hawkinses. The proposition of Widman to sell was reduced to writing, and Gove carried it to Nebraska, and delivered it to Thomas G. Hawkins. The latter wrote a letter to one of the Widmans, saying he was unable to accept it. Not long after, Hawkins met Donald A. Gove, who, it will be remembered, was in Colorado when the contract between the Hawkinses and the Widmans was executed. He succeeded in interesting this Mr. Gove, who stated that if he, Hawkins, could get the ranch on the terms submitted by Widman, as embraced in the proposition delivered to William A. Gove, that he would go in with him and make the purchase. Accordingly, Hawkins wired Widman that he had reconsidered his letter declining to accept the proposition submitted him, and that he would come out and close the deal. A short time afterwards Hawkins and Gove came to Colorado and purchased the ranch.

This was about March 18, 1904. On this transaction the Widmans paid Graves and his associates a commission of $1,600.00.

The general rule applicable to the case at bar is, that in order for a real estate broker to be entitled to commission he must have accomplished all that he undertook to do under his contract of employment; that is to say, he must have found and produced a person who was ready, willing and financially able to purchase the property which he was engaged to sell, at the price, and upon the terms and conditions fixed by his employer, and must make it appear that he was the efficient agent or procuring cause of the sale, and that the means employed by him and his efforts resulted in a sale.—*Wheeler v. Beers,* 45 Colo. 547; *Lawrence v. Weir,* 3 Col. App. 401; *Babcock v. Merritt,* 1 Col. App. 84; *Cole v. Thornburg,* 4 Col. App. 95; *Geiger v. Kiser,* 47 Colo. 297, 107 Pac. 267; 23 Ency. 914.

Thus tested, it is apparent that plaintiff was not entitled to a commission on the transaction declared upon. His contract of employment had expired by limitation, when the Widmans again began negotiations for a sale of their ranch. The contract of the Hawkinses with the Widmans had been abandoned at this time, and he was in no sense instrumental in bringing about the subsequent negotiations which finally culminated in a sale. They were begun and successfully carried to a termination by different parties, after the Hawkins contract had been abandoned and the contract in which plaintiff was interested had expired. The only circumstance upon which plaintiff could base any semblance of a right to a recovery is, that Thomas G. Hawkins, one of the purchasers, was a party to the original contract entered into with the Widmans; but, as we have seen,

this contract was abandoned, and so far as disclosed by the record, without any collusion between the Widmans and the Hawkinses, or bad faith on their part. When a broker opens negotiations but fails to bring the prospective purchaser and owner together, and they are abandoned without fault of the owner, and the latter subsequently sells to the same party, without further effort on the part of the broker, the owner is not liable to the broker for commissions.

It is said in the brief of counsel for plaintiff that it is not disputed that a binding contract was entered into between the Hawkinses and the Widmans. It is also said that where a binding contract is entered into, and it is found that the purchaser is unable to comply with the terms thereof, the purchaser is liable for commission at the suit of the agent. If we concede that by these claims it is meant to say that by the contract the Hawkinses agreed to purchase and the Widmans to sell their ranch, and the latter could have enforced it, and is, therefore, liable under the commission contract, even though the Hawkinses refused to purchase, it cannot avail plaintiff. He did not declare upon the Hawkins contract in his complaint, but on an entirely different transaction. A plaintiff must stand or fall by the case stated in his complaint. If he fails to establish the case thus stated, he cannot recover upon another.

According to the facts established by the undisputed testimony, plaintiff failed to establish a case; and it is not necessary to discuss the other questions urged upon our attention by his counsel.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.