No. 9476.

COCQUYT v. SHOWER.

1. PRACTICE IN ERROR—*Finding on Conflicting Evidence,* is not to be disregarded.

2. BROKER—*Duration of Agency.* The law presumes that the agency of a broker employed to sell lands will continue only for a reasonable time, to be determined by a consideration of the nature of the contract, the circumstances attending its execution, and all the circumstances of the case.

At the time of the employment of the broker certain prospective investors were expected, and the time of their arrival, and the time to be given them for consideration was discussed.

The subject matter of the agency was not only a valuable ranch, but young livestock, increasing in value, and the broker not having produced a purchaser until the lapse of a year from his employment, and the land owner having in the meantime broken up and planted fifty acres of new land, *held* that the agency had expired.

*Error to Garfield District Court, Hon. John T. Shumate, Judge.*

*Department One.*

Mr. C. W. DARROW, for plaintiff in error.

Mr. JOHN L. NOONAN and Mr. J. W. DOLLISON, for defendants in error.

Mr. Justice Teller delivered the opinion of the court.

DEFENDANTS in error recovered judgment in an action against the plaintiff in error for a broker's commission, alleged to have been earned by the sale of a ranch under a written contract of agency. The complaint set out the contract, which was dated August 19, 1916, and which authorized the agent to sell a ranch at a price named, on a commission of five per cent. No time was named in the contract for the continuance of the agency. On the back of the contract was a memorandum of "44 head of cattle $2,000, 7 head of hogs $1,000, machinery, etc., $1,000, 25

hogs, some chickens, and crops on the place." It is conceded that the property above listed was included in the property to be sold.

It appears that on the 18th of August 1917, defendant in error, Shower, went to the ranch with one Smith, a prospective buyer, and that after looking over the place, Smith offered to pay $12,000 cash and assume a $3,000 mortgage on the place, which sum aggregated the purchase price named in the contract.

For the defense, it is contended that the contract of agency was for a reasonable time only, and that under the circumstances of the case one year was more than a reasonable time for making the sale. It is also urged that the evidence shows that when the agent and the prospective buyer visited the place, the plaintiff in error, before Smith had announced his willingness to purchase, declared that he would not sell, and that the agent had no authority to sell, thereby revoking the agency.

Shower testified that this refusal to sell was not announced until Smith had agreed to buy. Smith's evidence sustains that of the plaintiff in error, but there being a conflict in evidence, and the trial court having found in favor of the plaintiff below, we are not at liberty to disregard his findings in that respect.

The first mentioned objection, however, presents a question of law; the rule being that where a contract does not fix the time of performance, it is for the court to determine what is a reasonable time for such performance. *Denver Co. v. Doyle,* 58 Colo. 327, 145 Pac. 688, L. R. A., 1915 D, 113, 9 Cyc. 614. That the law presumes in a case like this that agency will continue only for a reasonable time, is well settled. *Walling v. Warren,* 2 Colo. 434; *Nunez v. Dautel,* 19 Wall. 560, 22 L. Ed. 161. What is a reasonable time must be determined from a consideration of the nature of the contract, the circumstances under which it was executed, and all the circumstances of the case. *Geiger v. Kiser,* 47 Colo. 297, 107 Pac. 267. The duty of the court is to determine from the undisputed facts and contract

itself, what was within the contemplation of the parties when they made the contract.

If this contract covered only the sale of the land, it might, perhaps, reasonably be contended that the agency would continue until its purpose had been performed, or the contract had been cancelled. The fact, however, that this contract contemplated the sale with the farm of personal property of large value, and likely to change in value, including crops on the place, presents a different question. It is hardly to be presumed that the owner of the property intended to tie his own hands as to the personalty for any considerable period of time. The livestock, as appears from the evidence, was all young and increasing in value. The owner could not sell, by a binding contract, nor could he authorize the agent to sell crops not yet planted. *First National Bank of Montrose v. Felter*, 65 Colo. 370, 176 Pac. 496. The parties are presumed to know the law, and therefore they could not have contemplated that the agency should cover crops grown in 1917. It appears that plaintiff in error at least did not construe the contract as covering the crops for the next year. This is evidenced by the fact that, according to undisputed testimony, he expended something over $500 in preparing new ground (some fifty acres) and putting a crop thereon in the spring of 1917.

The record discloses that when the contract was secured the agent had in view a visit to the locality of certain prospective investors from Denver, and that the time of their arrival and the time which should be given them for consideration of the purchase, were both discussed by the parties. In *Alford v. Creagh*, 7 Ala. App. 358, a somewhat similar state of facts was presented. It was there held that, when the expected parties, after a reasonable time, had failed to appear, the contract was at an end. We do not, however, put the termination of the contract in this case upon that ground. We are of the opinion that, under the circumstances shown in evidence, the parties could not have contemplated an agency to continue after the plainting of crops for the year 1917. The agency, there-

fore, had expired at the time that the defendant in error and Smith visited the ranch, and the question as to whether or not the agency was revoked before Smith made his offer, is eliminated. There being no contract existing at that time, the plaintiff in error was under no obligation to compensate the agent for securing a person willing and able to purchase.

The judgment is accordingly reversed.

*Reversed.*

Chief Justice Garrigues and Mr. Justice Burke concur.