No. 16,135.

BOGGS *v.* MCMICKLE.
(206 P. [2d] 824)

Decided May 9, 1949.

Mr. J. H. Boutcher, Mr. Albert Cohen, for plaintiff in error.

Mr. J. Emery Chilton, for defendant in error.

*In Department.*

Mr. Justice Moore delivered the opinion of the court.

This is an action brought by plaintiff in error, who was plaintiff below, to enforce payment of a real-estate broker's commission alleged to be due pursuant to the terms of a contract, under which defendant in error, defendant below, listed real estate owned by her for sale by the plaintiff. We will herein refer to the parties as they appeared in the trial court.

Plaintiff in his complaint alleges in substance that on November 5, 1947, he and defendant entered into a contract under which plaintiff was authorized to sell certain real estate and other property owned by the defendant; that while the contract was in full force, and on or about the 9th day of March, 1948, defendant notified plaintiff that she had contracted to sell the property, whereupon plaintiff demanded payment of the commission under the provisions of the contract, which the defendant refused to pay. The contract between the parties is on a printed form and provides, among other things, as follows: "In consideration of the services of the undersigned real estate broker, I hereby list with said broker exclusively and irrevocably for a period of *until sold* days from date hereof, the property described

below, \* \* \*'' In a blank space, intended for insertion of the number of days for which the contract was ,to continue, was written the words which we italicize "until sold." The contract further provided: "In case of any sale or exchange of same within that time, either by the undersigned owner, the undersigned broker, or by any person \* \* \* I hereby agree to pay said broker the regular commission as provided by the Denver Board of Realtors." Other provisions contained in the contract are not material to the determination of the questions presented.

Plaintiff seeks judgment for seven hundred and fifty dollars commission alleged to be due under the terms of this contract. The defendant filed her motion to dismiss upon the ground that the complaint did not state a cause of action upon which any relief could be granted. The court sustained the motion and entered judgment of dismissal. Plaintiff seeks reversal by writ of error.

## Questions to be Determined.

First: *Does the failure of the contract to fix a definite time for performance by the real-estate broker, and the insertion in the blank space provided in the printed form of the words "until sold," destroy the validity of the contract?*

It is apparent that the duration of employment is not definitely fixed by the contract signed by the parties, and under such circumstances the agency of the plaintiff continues for a reasonable time. In the case of *Cocquyt v. Shower,* 68 Colo. 89, 189 Pac. 606, this court considered a contract creating an agency to sell real estate in which no specific time was named for the continuance of the agency. We there stated: "The first mentioned objection, however, presents a question of law; the rule being that where a contract does not fix the time of performance, it is for the court to determine what is a reasonable time for such performance. *Denver Co. v. Doyle,* 58 Colo. 327, 145 Pac. 688, L.R.A., 1915 D.

113, 9 Cyc. 614. That the law presumes in a case like this that agency will continue only for a reasonable time, is well settled. *Walling v. Warren,* 2 Colo. 434; *Nunez v. Dautel,* 19 Wall. 560, 22 L. Ed. 161."

The contract here presented is subject to the rule above announced, and the agency created by the contract continued for a reasonable time. It follows that the first question must be answered in the negative.

Second: *Can it be said as a matter of law, in the absence of any testimony concerning the circumstances surrounding the transaction, that a reasonable length of time had expired and that as a matter of law the contract of the parties was terminated by reason thereof?*

For the purposes of the motion to dismiss, the allegations of the complaint stand admitted. In his complaint plaintiff alleges that while said contract was in full force and effect defendant notified plaintiff that she had sold the property. The trial court apparently sustained the motion to dismiss upon the theory that it appeared upon the face of the pleadings that more than a reasonable length of time had expired following the execution of the contract and prior to the sale of the property by the defendant on her own initiative. Thus the question presented is whether, as a matter of law, in the complete absence of any evidence, we can say that the expiration of four months and four days following the execution of a contract creating an agency to sell real estate, terminates the agreement because of failure to perform by securing a purchaser within a reasonable length of time. In the case of *Geiger v. Kiser,* 47 Colo. 297, 107 Pac. 287, we stated: "The question as to what is a reasonable time for the performance of a contract which fixes no time for its performance depends upon its nature and the particular circumstances. In deciding whether an undertaking has been performed within a reasonable time, the diligence used, the nature of the contract, and the reason it was not performed at an earlier date, should be considered." In the case of

*Larimer, Trustee v. Salida Corp.,* 112 Colo. 598, 153 P. (2d) 998, we stated: "What is a reasonable time for the performance of a contract depends upon the particular facts and circumstances of each case and rests largely in the discretion of the trial court."

 Applying the rule announced in the cases above cited, to the present cause, it is apparent that the court erred in sustaining the motion to dismiss. It is not our province to determine whether or not a reasonable length of time had expired within which he should have performed. Considering the allegations of the complaint, the question of whether a reasonable time had elapsed within which plaintiff failed to perform, is a question to be raised by answer, and decided under pertinent evidence by the trial court. It may well be that upon the hearing of evidence relating to the full transaction the court would be justified in finding that the contract had terminated for failure on the part of plaintiff to perform within a reasonable length of time. Such a conclusion, however, cannot be reached as a matter of law from the complaint.

The judgment of the trial court is accordingly reversed and the cause remanded, with directions to proceed in harmony with the views herein expressed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE JACKSON concur.