No. 20,270.

NORVAL W. GOEDDEL *v.* AIRCRAFT FINANCE, INC., ET AL.

(382 P. [2d] 812)

Decided June 10, 1963.

Mr. RICHARD MACKEY, for plaintiff in error.

Mr. JACKSON M. SEAWELL, for defendants in error.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

GOEDDEL brought this action in the district court against Aircraft Finance, Inc., and the Denver United States National Bank and E. B. Jeppesen as co-executors of the Estate of Don W. Vest. He alleged that he had purchased 49% of the stock of Aircraft Finance, Inc., from the decedent Vest and that as a result he was a major stockholder in the company. Goeddel complained that the corporation completely ignored his rights as a stockholder and requested the trial court to require the corporation to make an accounting to him, to deliver to him a certificate for his shares of stock, and that he be decreed to be the owner of the said stock.

The defendants' answer, so far as is material here, denied that Goeddel was a stockholder in the corporation or that he had purchased 49% of the stock of Aircraft Finance, Inc., and as an affirmative defense alleged that Goeddel's action was barred by the statute of limitations.

Thereafter, Goeddel's deposition was taken wherein he testified that on or about August 24, 1951, he entered into an agreement with Vest, the President of Aircraft Finance, Inc., whereby Vest agreed to sell and Goeddel agreed to buy a 49% interest in the corporation. In partial payment Goeddel wrote a check payable to Vest and gave a note for the balance of the purchase price, which note was to be paid out of the profits of the company. The testimony of Goeddel discloses that no stock certificate was delivered to him as a result of this transaction. No attempt was made to transfer title either by way of separate written instrument or by the delivery of the stock.

Shortly after the agreement was made Vest and Goeddel had an argument concerning their relationship with respect to the corporation. In November or December of 1951 Vest gave Goeddel a check for $4,000 which was endorsed by Goeddel as payment in full for all interest in Aircraft Finance, Inc. Goeddel testified that within the next 8 to 10 months Vest several times attempted to "settle" with him, but that he (Goeddel) refused to do so. He further testified that he decided he would do nothing about the matter as long as Vest was alive. Vest died on September 14, 1960. On December 20, 1960, Goeddel made a demand to examine the books of the corporation but was refused. This was his first contact with the corporation in which he demanded any rights as a stockholder.

The present action was filed on January 23, 1961, more than 8 years subsequent to the last dealings between Goeddel and Vest. After the taking of the deposition, defendants filed a motion for summary judgment pursuant

to Rule 56, R.C.P. Colo. The trial court granted the motion, holding:

"First, as to the defendant Aircraft Finance, Inc., the pleadings and deposition show that there is no issue as to any material fact here since there is no showing that there was any privity of contract between the plaintiff and this defendant.

"Second, as to the defendants United States National Bank and E. B. Jeppeson (sic), co-executors of the Estate of Don W. Vest, deceased, it is the ruling of the court that the statute of limitations has run in favor of the said defendants and against the plaintiff as shown by the pleadings and the deposition."

Judgment was thereupon entered, dismissing the plaintiff's complaint and the plaintiff brings error. We conclude that the judgment of the trial court was correct.

■ Goeddel's rights, if any, against the corporation depended upon his ability to establish his ownership of the stock as against Vest. Goeddel was not a stockholder in the corporation at the time he brought the action. Nor could he compel the corporation here to make him a stockholder of record in the corporation until he had title to the stock. That he had no such title at the time he made his demand upon the corporation, or at the time he brought this action is abundantly clear. Under the Uniform Stock Transfer Act which is in effect in Colorado, title to a certificate and to the shares represented thereby can be transferred only in the following manner:

"(1) By delivery of the certificate indorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby, or

"(2) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby signed by the person

appearing by the certificate to be the owner of the shares represented thereby. * * *" C.R.S. '53, 31-9-1.

C.R.S. '53, 31-9-10 provides as follows:

"An attempted transfer of title to a certificate or to the shares represented thereby without delivery of the certificate shall have the effect of a promise to transfer and the obligation, if any, imposed by such promise shall be determined by the law governing the formation and performance of the contracts."

A recent decision of the Tenth Circuit Court of Appeals affords persuasive authority that the two provisions above quoted mean exactly what they say. In *Brennan v. W. A. Wills, Ltd.,* 263 F. (2d) 1 (Cert. denied) 360 U.S. 902, 79 S. Ct. 1284, 3 L.Ed. (2d) 1254, construing these sections, the Court said:

"* * * When these statutes are considered together, it is clear that in Colorado legal title to shares of stock issued by a corporation organized under the law of that state can be effectively transferred in only one or the other of two methods. One method is by delivery of the certificate with an endorsement thereon in blank or to a specified person, signed by the person appearing in the certificate to be the owner thereof. The other is by delivery of the certificate and a separate document containing a written assignment or a power of attorney to sell, assign, or transfer the same, signed by the person appearing in the certificate to be the owner of the stock. *These methods are exclusive, and any attempt to transfer stock without delivery of the certificate does not have the effect of passing title but merely constitutes a promise to transfer.* Johnson v. Johnson, 300 Mass. 24, 13 N.E. (2d) 788; Knight v. Shutz, 141 Ohio St. 267, 47 N.E. (2d) 886, 150 A.L.R. 138; Manna v. Pirozzi, 44 N.J. Super. 227, 130 A. (2d) 55; Hardy v. Musicraft Records, 93 Cal. App. (2d) 698, 209 P. (2d) 839." (Emphasis supplied.)

We are convinced that as a matter of law Goeddel had no title to the stock at the time he brought the ac-

tion and that at best he was a holder only of a claim for relief against the executors of Vest to compel them to transfer the stock in question to him. *Tuke v. Mountain States Packing Co.*, 97 Colo. 57, 46 P. (2d) 895.

■ Goeddel's claim against the executors of Vest to compel a transfer of title is barred by the 6 year statute of limitations applicable to actions founded on contract, C.R.S. '53, 87-1-11 (4), since C.R.S. '53, 31-9-10 provides that the obligation imposed by an attempted transfer of title without delivery of the certificate constitutes only a promise to transfer and the obligation imposed by such promise shall be determined by the law governing the formation and performance of contracts.

■ Generally a claim for relief in actions arising out of non-performance of contract obligations accrues at the time of the failure to do the thing required to be done under the contract. 1 Am. Jur. *Actions,* §62, p. 453. Goeddel's deposition shows that he knew in 1952 that Vest was not going to honor the purported agreement. His right of action against Vest, therefore, arose at least as far back as 1952, more than 8 years before he brought this action. Goeddel's desire not to do anything about his quarrel with Vest as long as Vest was alive did not operate to toll the statute of limitations. From the pleadings and the deposition, it is clear that Goeddel's claim for relief against Vest in the instant case accrued, if at all, at a time well beyond the limits prescribed by the applicable statute of limitations.

■ The pleadings and the deposition clearly show that as a matter of law plaintiff was not entitled to the relief he sought in this action from the corporation since he had no title to the stock he claimed to own, and that as a matter of law he was entitled to no relief against the executors of Vest by reason of the bar of the statute of limitations. Under such circumstances, it was proper for the court to grant the summary judgment.

The judgment is affirmed.