## No. 20500.

TWIN LAKES RESERVOIR AND CANAL COMPANY, ET AL., *v.*
EUGENE A. BOND.
(399 P.2d 793)

Decided March 8, 1965.

434

THULEMEYER & STEWART, YEGGE, HALL and SHULEN-BURG, RAYMOND J. CONNELL, for plaintiffs in error.

W. DAVID MCCLAIN, EUGENE A. BOND, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

THE plaintiffs in error, Twin Lakes Reservoir and

Canal Company, The Colorado National Bank of Denver and the Connecticut Mutual Life Insurance Company, were defendants below and will be referred to here as Twin Lakes, the Bank and the Insurance Company. The defendant in error, Eugene A. Bond, was plaintiff below and will be referred to as Bond.

The controversy here arises as a result of an action filed by Bond to remove an alleged cloud upon the title to a 110 acre tract of land in Lake County, Colorado, which Bond contends arose by reason of a trust deed issued by Twin Lakes. In November of 1945, Twin Lakes made the deed of trust in question to the Bank as trustee as security for bonds which Twin Lakes had issued and delivered to the Reconstruction Finance Corporation. The bonds are presently held by the Insurance Company.

At the time the deed of trust was issued, Twin Lakes had no interest in the subject property, but the deed of trust did contain a clause encumbering after-acquired property.

In 1949, Twin Lakes and Bond each acquired a one-half interest in the subject property by separate deeds. On July 7, 1951, Twin Lakes conveyed its one-half interest to Bond; and, as part of the same transaction, it contracted to procure a record release "of any mortgages now existing upon any of the property . . . conveyed . . ." This action was brought by Bond, on January 20, 1960, because Twin Lakes had not obtained a release of the 1945 deed of trust.

Bond's action consisted of two claims. The first claim was a quiet title action in which he alleged that the property in question was not subject to the deed of trust. He contended that, when Twin Lakes acquired its one-half interest in 1949, that interest did not come under the after-acquired property provisions of the deed of trust, because the deed of trust covered only Twin Lakes' reservoir and irrigation system, and the subject property was not part of the system.

In his second claim, Bond sought $100,000 damages

from Twin Lakes, the Bank, and the Insurance Company, contending that Twin Lakes had breached its agreement to procure a release of the trust deed insofar as it affected his property. His reasoning was — whether the deed of trust be considered a lien or mere cloud on his title — he had been damaged by its existence of record; and that its continued existence was due to the concerted efforts of all three defendants.

The trial court held that the Bank, the Insurance Company and Twin Lakes had no right, title, or interest in the subject property by reason of the deed of trust, and then awarded Bond $100 as nominal damages against Twin Lakes on the second claim.

Twin Lakes, the Bank and the Insurance Company sue out writ of error. The contentions advanced by the several plaintiffs in error are as follows:

1. That the court erred in denying Twin Lakes' motion for a change of venue on the second claim;

2. That there was a misjoinder of claims and of parties;

3. That there were not sufficient findings of fact to support the judgment of the court;

4. That the court erred in quieting title against Twin Lakes, since title had already been quieted in Bond against Twin Lakes in a prior action; and

5. That the Statute of Limitations had run against any claim for damages by Bond against Twin Lakes.

Bond alleged cross error, contending that he should have been awarded substantial compensatory damages instead of nominal damages.

██ Twin Lakes' first contention is that its motion to change the venue of the second claim was erroneously denied. The trial was held in Lake County and the location of the subject property is in Lake County. It is clear, therefore, that the proper venue for the claim to quiet the title to the property was laid in Lake County. Rule 98 (a), R.C.P. Colo. The second claim for relief arose out of the same set of circumstances which gave rise to

the first claim for relief. Under such conditions where the venue of one claim for relief is properly laid in the county in which it is brought, a court should not, except under extraordinary circumstances, change the venue of another claim properly joined with the first claim.

██ ██ The second error assigned by plaintiffs in error is the trial court's refusal to find a misjoinder of the two claims and a misjoinder of parties. Rule 18 (a), R.C.P. Colo., allows the joinder of as many claims as a plaintiff has, when there are multiple parties, if the requirements of Rule 20, R.C.P. Colo., are met. Rule 20 (a), R.C.P. Colo., allows the joinder of multiple parties:

"* * * in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, ocurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * *"

Clearly, both claims here involved the same series of transactions: the breach of the 1951 contract gave rise to both the cloud on Bond's title, and his resulting claim of damages. Equally clear is the fact that the two claims involved common questions of fact and law: e.g. it was necessary to decide in both claims whether the deed of trust was a valid encumbrance on Bond's title or a mere cloud. The claims met the test for joinder as laid down in Rules 18 (a) and 20, R.C.P. Colo.

██ The next argument made by the plaintiffs in error is that the findings of fact and conclusions of law were not sufficient to support the holding that the Bank and Insurance Company were without interests under the deed of trust; and that the findings of fact and conclusions of law were not sufficient to give the appellate court a clear understanding of the trial court's decision. We have held that the purpose of the requirements of Rule 52, R.C.P. Colo., is to enable the appellate court to determine the basis of the trial court's decision. *Murray v. Rock*, 147 Colo. 561, 364 P.2d 393; *Mowry v. Jackson*,

140 Colo. 197, 343 P.2d 833; *Lininger v. Lininger,* 138 Colo. 338, 333 P.2d 625.

The findings of fact and conclusions of law here meet that test. The pleadings clearly formulated the basic issue in this case, i.e., whether the 1945 trust deed covered the property in question. It is apparent from the entire record that the trial court found that the lien of the 1945 deed of trust never attached to the interest which subsequently passed to Bond; and that the Bank and Insurance Company had no rights under the deed of trust against Bond's property.

■■ We come now to Twin Lakes' contention that it was error to quiet title in Bond as against it, since the court had already ruled that a previous judgment obtained by Bond, quieting title as against Twin Lakes, was res judicata. In 1955, Bond and Twin Lakes had litigated the question of Twin Lakes' interest in the subject property, and Twin Lakes was held to be without interest. Thus, since there is an identity of claims, subject matter, parties, and capacity of persons for or against whom the claim is made, res judicata was properly applied by the trial court. *Newby v. Bock,* 120 Colo. 454, 210 P.2d 985. But it does not follow that it was reversible error to quiet title in Bond against Twin Lakes. The effect of res judicata is that the decision in the earlier litigation controls, and in the earlier case Twin Lakes was found not to have any interest in the subject property. At best, the court's order here quieting Bond's title against Twin Lakes was but a confirmation of the order in the previous case and any error in so doing was inconsequential.

The contention of Twin Lakes that Bond was entitled to no damages and Bond's contention that the damages awarded to him were inadequate will be treated together. The gravamen of Bond's claim for damages is based on a section of his contract with Twin Lakes which provides as follows:

"6. The party of the first part [Twin Lakes] under-

takes and agrees to secure, without expense to the parties of the second part, release of any mortgages now existing upon any of the property in the Twin Lakes vicinity this day conveyed by the party of the first part to the party of the second part."

The record shows that the parties were agreed that the "mortgage" contemplated by the above quoted paragraph of the contract was the 1945 trust deed. The plaintiffs in error were in fact responsible for developing that point. There is no doubt that Twin Lakes did not carry out its obligation to secure the contemplated release.

 Twin Lakes contends, however, that the action for damages was brought some eight and one-half years after the breach of its obligation and was therefore barred by the Statute of Limitations. It contends that the claim accrued on the date the contract was signed. Generally, a claim for relief arising out of nonperformance of a contract arises at the time of the failure or refusal to do the thing required under the contract. *Goeddel v. Aircraft Finance, Inc.,* 152 Colo. 419, 382 P.2d 812. The contract here involved set no time for performance of the obligation to obtain a release of the trust deed in question. Under such circumstances, we have held that the time for performance is a reasonable time. *Boggs v. McMickle,* 120 Colo. 53, 206 P.2d 824. To deprive Twin Lakes of its defense of the Statute of Limitations, we would have to hold that two years and six months were available to Twin Lakes as a reasonable time within which to record the release. This is far beyond what would be a reasonable time for performance of its obligation by Twin Lakes. It is clear that Bond's claim accrued long before that time. See *Bisesi v. Farm and Home Savings & Loan Assn.,* 78 S.W.2d 871. Nor did the fact that Bond made no request for performance stop the statute from running until he did make such request. Accordingly, his claim is barred by the Statute of Limitations and the trial court erred in awarding any damages.

The judgment as to the first claim is affirmed, and as to the second claim, it is reversed with directions to dismiss the same.

MR. JUSTICE SCHAUER not participating.