**WILLIAM B. TANNER COMPANY, INC., Plaintiff,**

v.

**MESA BROADCASTING COMPANY, d/b/a Radio Station KQIL (formerly known as KWSL), Defendant.**

**Civ. A. No. 81–Z–803.**

United States District Court, D. Colorado.

Sept. 14, 1983.

Philip Coebergh, Prakken & Marquez, Grand Junction, Colo., for plaintiff.

James S. Casebolt, Younge & Hockensmith, P.C., Grand Junction, Colo., for defendant.

ORDER RULING ON MOTIONS

WEINSHIENK, District Judge.

THIS MATTER is before the Court on defendant's Motion to Reconsider and on the parties' cross-motions for summary judgment. The Court has reviewed the submitted legal memoranda, affidavits and other documents in the file, and is now prepared to rule.

I. Defendant's Motion to Reconsider

Defendant has requested the Court to reconsider its Order Ruling on Cross-Motions for Summary Judgment, entered January 13, 1983. The basis alleged for reconsideration is that, as a matter of law, this Court's interpretation of certain contract terms is in error. Nothing contained in the defendant's motion or the supporting documents has convinced this Court that, as a matter of law, its previous Order should be vacated or otherwise modified. Consequently, the defendant's Motion to Reconsider will be denied.

II. Cross-Motions for Summary Judgment

Both parties have filed motions for summary judgment on the matter of damages. Two issues are raised by these motions. The first issue concerns the proper measure of damages for defendant's breach of three contracts in the period of 1974–75. It appears to the Court at this time that genuine issues of material fact exist as to whether, and in what amount, there are sums owing to plaintiff on these contracts. Thus the Court will deny the cross-motions for summary judgment on this issue. *See* F.R.Civ.P. 56.

The second issue concerns (1) the proper method of valuing the radio "spots" which this Court found owing to plaintiff in its Order of January 13, 1983, and (2) the number of spots actually owing under the relevant 1965–67 contracts.

As to the latter point, the defendant claims that the Court erred in its earlier Order in holding that 3,449 spots are due under the contracts. To the extent that this contention is set forth in defendant's Motion for Summary Judgment, the Motion will be denied, based on this Court's ruling with respect to the Motion to Reconsider.

In valuing the spots, the plaintiff seeks to apply the market value as of the date of breach in this case—November, 1978. The defendant asserts that the proper measure for valuation is the date of contracting.

It follows from this Court's Order of January 13 that the 1965–67 contracts were valid and enforceable as of the date of the breach. "Generally, a claim for relief arising out of non-performance of a contract arises at the time of the failure or refusal to do the thing required under the contract." *Twin Lakes Reservoir and Canal Company v. Bond*, 156 Colo. 433, 399 P.2d 793, 796 (1965). Thus it appears that the spots should be valued as of the date the defendant refused to perform in 1978.

This view accords with a logical reading of what the parties contemplated in entering into a contract for future use of radio spots at a fixed price. The plaintiff was able to reserve blocks of radio time to be used as needed without paying for additional increases in broadcasting time costs which might occur during the term of the contract. Plaintiff was hoping to obtain future broadcast time with a higher *value* by reserving and paying for such time when the contracts were executed. A somewhat analogous rationale is used in the standard "requirements" contract.

Although this case is not a true "sale of goods" case for purposes of Uniform Commercial Code (UCC) rules, the applicable Colorado UCC provision for measuring damages also appears appropriate to use in this case. Under C.R.S. § 4–2–713, a buyer's damages for breach of contract "is the difference between the market price at the time when the buyer learned of the breach and the contract price ...." *See also Cargill, Inc. v. Stafford*, 553 F.2d 1222 (10th Cir.1977).

Thus, to the extent that plaintiff's Motion for Summary Judgment asserts that the date of breach is the proper date to value the spots, the Motion will be granted. Defendant's Motion for Summary Judgment on this point is correspondingly denied. However, a factual dispute still exists as to the proper market value to be assigned to the spots on the date of the breach. This dispute stems from the existence in 1978 of variable rates charged for spots, depending on frequency of broadcast and time of broadcast. Variable rates apparently did not exist at the time of contracting, as both parties concede that the value of the spots in 1965–67 was $2.00 per spot.

The plaintiff's Motion for Summary Judgment will be denied, therefore, to the extent that the motion seeks to assign a specific value to the spots as of November 1978, as it appears that a genuine issue of material fact exists on this point.

A hearing on damages will be limited to the issues of (1) assigning a market value to the spots for November, 1978, and (2) the amount of damages, if any, owing on the three 1974–75 contracts. Accordingly, it is

ORDERED that defendant's Motion to Reconsider and Motion for Summary Judgment are denied. It is

FURTHER ORDERED that the plaintiff's Motion for Summary Judgment is granted in part and denied in part, consistent with this opinion. It is

FURTHER ORDERED that a hearing limited to the issue of damages, consistent with this opinion, is set on Friday, October 14, 1983, at 9:00 a.m. in the U.S. Courthouse in Grand Junction, Colorado.