In the Matter of the ESTATE OF Paul Kent DiANDREA, a/k/a Paul K. DiAndrea, Deceased.

Sean P. DiANDREA, Petitioner–Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Surety–Appellee.

No. 91CA1784.

Colorado Court of Appeals, Div. III.

Jan. 14, 1993.

Gary C. Johnson, Denver, for petitioner-appellant.

Anderson, Campbell and Laugesen, P.C., David L. Starbuck, Denver, for surety-appellee.

Opinion by Judge ROTHENBERG.

Petitioner, Sean P. DiAndrea, the sole beneficiary of the estate of the decedent, appeals from the order of the trial court releasing surety, State Farm Fire and Casualty Company, from any liability on its fiduciary bond. Because we conclude that State Farm remains liable on its surety bond for any claims arising before closure of the decedent's estate, we reverse and remand.

### I.

The essential facts are not disputed. In 1980, shortly after the decedent's estate was opened, State Farm posted a fiduciary bond concerning the administration of the estate by the personal representative. *See* § 15–12–606, C.R.S. (1987 Repl.Vol. 6B). In September 1990, the trial court closed the estate pursuant to § 15–12–1009(1), C.R.S. (1987 Repl.Vol. 6B) which authorizes the court to close an estate when the court's records indicate no activity within it for three years or more.

Section 15–12–1009(1) provides:

When records of the court indicate no action has been taken in an estate for a period of three years or more, the court may, on its own motion ... enter an order closing the estate without further accounting.... Any order in such case shall provide for the closing of the estate without further accounting, and such order shall not discharge the personal representative or any other person from any liability to the estate, the court, or any other person; *except that sureties upon any bond posted in such proceedings shall be released as to any claim aris-ing after closure of the estate under such circumstances.* (emphasis added)

In April 1991, the court granted petitioner's motion to reopen the estate pursuant to § 15–12–1009(3), C.R.S. (1987 Repl.Vol. 6B) which provides that: "[U]pon motion of any interested person, an estate closed pursuant to [§ 15–12–1009] shall be reopened by the court."

Petitioner then filed various pleadings seeking to surcharge the personal representative for alleged breaches of the personal representative's fiduciary duties. In connection with these claims against the personal representative, petitioner also sought payment from State Farm on the surety bond.

State Farm denied any liability upon the bond, contending that the trial court's order closing the estate had released it from any liability. The trial court agreed and ruled that: (1) the court order closing the estate pursuant to § 15–12–1009(1) released State Farm of any liability on the surety bond; and (2) the later court order reopening the estate did not "negate the effect" of the first order.

### II.

Both parties agree that, under § 15–12–1009(1), State Farm is released from any liability as to any claim arising after closure of the estate. They disagree, however, as to the meaning of "arising after."

State Farm asserts that claims arising after closure are those claims against the personal representative and the surety *filed* after closure of the estate. And, according to State Farm, it has no liability here because petitioner's claims were not filed until after closure of the estate.

Petitioner contends that claims arising after closure are those claims based upon facts which occurred after the September 1990 order closing the estate. We agree with petitioner.

There is no Colorado appellate decision interpreting § 15–12–1009(1). Nor does the Uniform Probate Code offer any guidance because it does not contain a section

analogous to the one before us. Thus, we must look to general principles governing the interpretation of statutes.

If the language of a statute is plain and its meaning is clear, it must be applied as written. *Great Western Exchange, Inc. v. Walters,* 819 P.2d 1093 (Colo.App.1991).

 Section 15–12–1009(1) plainly releases sureties (but not personal representatives) from any claims "arising after closure of the estate...." The statute thus recognizes that, although the estate may have been closed by the court, there may still be actions taken thereafter by the personal representative, such as the conversion of estate assets, which result in a claim against that personal representative.

Conversely, under the statute, a surety clearly remains liable for claims arising *before* the estate is closed. The statute does not refer to the date claims are filed.

"Arise" is defined as "to originate from a source" and "to come into being or to attention." *Webster's New Collegiate Dictionary* 60 (1979).

The term "arising after" has been construed in a number of Colorado decisions involving other statutes. Although none of the decisions are squarely on point, nevertheless, we are unaware of any which equate the date a claim "arises" with the date it is filed. More often, the date a claim arises is the date it "accrues," *i.e.,* the date on which the claim or injury was known or should have been known by the exercise of reasonable diligence. *Cf. Goeddel v. Aircraft Finance, Inc.,* 152 Colo. 419, 382 P.2d 812 (1963) (claim for relief in actions "arising out of" non-performance of contract obligations accrues at the time of the failure to do the thing required to be done under the contract); *First National Bank v. Harry W. Rabb Foundation,* 29 Colo.App. 34, 479 P.2d 986 (1970) (an action "arising under" trusts began to run when there was a repudiation of the trusts); *Schafer v. Aspen Skiing Corp.,* 742 F.2d 580, 582 (10th Cir.1984) ("In Colorado, a cause of action for negligence or breach of duty accrues immediately upon the happening of the wrongful act...."). *See generally* § 13–80–116, C.R.S. (1987 Repl.Vol. 6A).

We therefore hold that, for the purposes of § 15–12–1009(1), a claim "arises after" closure of an estate when the facts giving rise to the claim occur after entry of the order closing the estate. The date when the claim is filed is not dispositive.

 Applying that definition to these circumstances before us, we note that petitioner here alleges that the personal representative committed malfeasance to the estate beginning in 1980 and continuing through the present day. Thus, to the extent that petitioner's claims are based upon facts which occurred after the estate was closed in September 1990, State Farm is released under § 15–12–1009(1). However, State Farm is not released under § 15–12–1009(1) as to any claims which are based upon facts occurring before the estate was closed.

We also note that the trial court's ruling was limited to the applicability of § 15–12–1009(1) to these circumstances. Thus, we do not address other defenses raised by State Farm. On remand, they may be addressed by the trial court.

The order is reversed, and the cause is remanded with directions to the trial court for further proceedings consistent with this opinion.

SMITH and CRISWELL, JJ., concur.